HAWES v. TWOGOOD et al.

1. ASSIGNMENT OF ERRORS. The assignments of error were as follow s "1. The court erred in admitting improper and incompetent testimony. 2. There was error in the instructions to the jury." Held, That under § 3546 of the Revision of 1860, (which is the 18th Rule of Practice in the Supreme Court), the assignments were too general and should be disregarded.

2. PATENT: BREACH OF WARRANTY. A breach of warranty entered into by the vendor of a patent right, in the sale of such right, may be shown as a defense to an action on notes executed in payment therefor.

Appeal from Delaware District Court.

MONDAY, JANUARY 6, 1862.

ACTION on a promissory note. The answer set up as a defense: 1. Failure of consideration; 2. Damages for a breach of the covenant of warranty. Defendants appeal.

House, Brayton & Wattson for the appellant.

D. H. Cooley, for the appellee.

WRIGHT, J.—It is objected by the appellees that two of the errors assigned are not as specific as required by law and the rule of this court. These assignments are stated thus: 1*st*. The court erred in admitting improper and incompetent testimony; 2*d*. There was error in the instructions to the jury.

The 18th Rule of the court, and § 3546 of the Revision, provide that: "An assignment of error need follow no stated form, but must, in a way as specific as the case will allow, point out the very error objected to. Among several points in a demurrer, or instructions or rulings on an exception, it must designate which is relied on as an error, and the court will only regard errors which are assigned with the required exactness; but the court must decide on each error assigned." Under this requirement, we are clearly of the opinion that these assignments are too general. The law designed to accomplish a useful, practical purpose. The intention was to have brought to the mind of the court and opposite party the very point relied on—to narrow and concentrate the issue—and not leave it to conjecture as to what part of the instructions or proceedings will be objected to in the argument. In this case, the bill of exceptions covers some nine pages, the instructions nearly two. All of the testimony and instructions are embodied. To the testimony in several instances objections were made, for various reasons stated at the time, and the rulings on all these we are asked to review under this general assignment. As to the instructions, there is no pretence that they are all erroneous; and it is only by reference to the argument that we are directed to the objectionable parts. This practice finds no countenance in the law, and we are not disposed to tolerate it.

The only remaining error assigned is, in overruling the motion for a new trial, as to the 1st, 2d and 3d causes therein stated. These are, that the verdict was against the law and evidence, that the damages were excessive, and

that the instructions were erroneous. Without stopping to inquire whether the causes are stated sufficiently specific,— and especially the last one,—we direct attention to them so far as questions are made thereon by the argument of counsel.

With the admissibility of the evidence found in the record, we have nothing to do. Finding it there, we are unable to see that we would be justified in disturbing the verdict upon the ground that it is excessive or contrary to the evidence.

Plaintiff sues upon a promissory note. Defendants answer that the note was given for the sale of a patent right, with a warranty; that the consideration failed, and that they sustained damages, by reason of a breach of the warranty, which they plead as a set-off. As we understand the instructions, the jury were told that if the note was given for the sale of the patent right, and there was a warranty of the same, and its entire breach established, they would find for defendants. In other words, the rule stated was, that if the process could not produce the result warranted, there was a failure of consideration, and defendants were entitled to a verdict. The question of partial, as contradistinguished from a total, failure of consideration does not seem to have been mooted, nor the rule insisted upon that if the right was of any value, plaintiff could recover *pro tanto*. If there was no consideration, or none that was in point of law adequate, or if the article failed entirely to answer the warranty, the action would be defeated. Thus understanding the instructions, there was no error, and the judgment is affirmed.