## TEBBS *v.* WEATHERWAX *et al.*

THE Supreme Court will not disturb the findings of fact of the Court below when the testimony is conflicting.

When parol testimony to vary the terms of a written agreement is offered and received in the Court below without objection, the objection cannot be raised in the Supreme Court that the testimony was inadmissible.

APPEAL from the Eleventh Judicial District, El Dorado County.

The complaint avers that the defendants were indebted to one James E. Wolfe, and that Wolfe, on the 9th of April 1858, drew the following order on defendants in favor of Fiske & Diehl:

" Messrs. J. M. B. WEATHERWAX & Co.—Gents :

" Please pay to Messrs. Fiske & Diehl the sum of twelve hundred dollars, being the amount due me for a certain note signed by Fiske & Diehl dated March 23d, 1858, and which note was given in consideration of services at Empire Mill, and which said note I transferred to you on said 23d day of March aforesaid, and for which attachments were issued on the property of said Fiske & Diehl, and oblige yours,                JAMES E. WOLFE."

That on the 10th day of April, 1858, Fiske & Diehl presented

the order to defendants, who indorsed on it the following accept-
ance:

"Accepted, April 10th, 1858.

"J. M. B. WEATHERWAX & Co."

That on the 28th of June, 1858, Fiske & Diehl indorsed the
order to plaintiff, Tebbs, in the following words and figures:

"EL DORADO, June 28, 1858.

"For a reasonable consideration, we transfer the within order
(accepted) to Moses Tebbs.     FISKE & DIEHL, by Fiske."

The answer sets up that in the spring of 1858, Fiske & Diehl
had given Wolfe their promissory note for twelve hundred dollars
for labor, and that at the same time Fiske & Diehl were indebted
to defendant for goods, and that defendants agreed to bring an
action against Fiske & Diehl for their own demand, as well as
Wolfe's note, and to enable them to do so, Wolfe indorsed his note
to defendants with the understanding that the defendants should
commence suit on both demands in one action, and if any money
was collected by the suit, it should be divided between Wolfe and
defendants, *pro rata*, according to the amount each owned in the
judgment recovered, and that nothing had been realized from the
suit, and that Fiske & Diehl obtained the order on defendants with
the understanding that it was only to be paid out of any moneys
collected in said suit, and defendants accepted it with that agree-
ment and understanding, and that plaintiff knew all of these facts
before it was indorsed to him.

Defendants had judgment and plaintiff appealed.

*Charles Meredith*, for Appellant.

The acceptance in writing is unconditional, and we hold that no
parol evidence can be received to show a contemporaneous parol
agreement different.

*Hereford & Williams*, also, for Appellant.

Taking the facts as stated in the answer and found by the Court
as true, the defense is good in law. (*Aud* v. *McGruder*, 10 Cal.
282; *Conner.*v. *Clark*, 12 Id. 168.)

Objections to the competency of evidence, or of a witness, must be taken at the trial; but objections to the sufficiency of testimony may be taken at any time.

*John Hume*, for Respondents.

Plaintiff having failed in the Court below to object to the parol testimony upon which the Court founded its findings and judgments, cannot in the Appellate Court take advantage of the error, which was his own, and not the error of the Court. (*McCloud* v. *O'-Neall*, 16 Cal. 372; *Hobart* v. *Dumerits*, 3 Ind. 346–348.)

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

The Court by whom this action was tried without a jury finds as one of the facts that the order was accepted with the understanding at the time that it was to be paid out of any money that might be collected on the note of twelve hundred dollars. The testimony as to this fact is conflicting, and in such cases the finding is conclusive. The objection that the evidence to prove this fact was parol and inadmissible to vary the terms of the written acceptance cannot be raised here for the first time, after the evidence had been given in the Court below without objection. (*Hobart* v. *Dumerits*, 3 Ind. 346; *McCloud* v. *O'Neall*, 16 Cal. 392.)

It is also found as one of the facts that no part of the money out of which the order was to be paid had been collected by the defendants. The fact that the defendants had at one time assigned all their right, title, and interest in the judgment of which this money formed a part, as collateral security for a debt, without designating which part was held by them for the account of Wolfe, and the fact that one of the firm in his schedule in insolvency mentioned this judgment as assets of the firm, without any reservation of the portion for which they were accountable to Wolfe, do not prove that any money was in fact collected on the judgment by the defendants, nor are they facts of a character which estop them from showing the truth in that respect. Nor is the fact that the defendants at the time of the transfer of the order to the plaintiff claimed an offset of six hundred dollars inconsistent with the fact

Malson *v.* Vacghn.

that they were only to be liable on their acceptance for so much as they should collect on the note. The offset would be applicable whenever their indebtedness should become fixed by a collection of the amount of the note, and the claim of the offset then made was proper as a notice to the plaintiff that any liability that might arise against the defendants would be subject to that deduction.

The judgment is affirmed.