ALLEN T. CHAMBLIN, *and wife*,

*v.*

JACOB B. SLICHTER, *et al.*

The plaintiffs being the owners of certain real estate, conveyed the same to Charles Scheffer with covenants against incumbrances. Prior to the convey- ance the defendants obtained and caused to be recorded, a mortgage on the premises running to them and purporting to have been made by the plaintiffs. The plaintiffs deny that said mortgage was legally executed or became a lien on the premises. Afterwards the defendants foreclosed said mortgage and caused to be recorded a deed of conveyance of the premises made to them by the sheriff of the county on such foreclosure sale, and thereupon the plaintiffs commenced this action to have said instruments and records canceled and declared void. Pending the action S. paid to the sheriff by way of redemption, a sum of money sufficient to redeem the premises from the mortgage sale (claiming the right to retain the amount out of the balance of the purchase money which had not been paid to the plaintiff.) The plaintiff thereupon on affidavit setting forth the facts, prayed for an injunction, which was granted by the court com- missioner, enjoining the sheriff from paying over to the defendants the said redemption money. The defendants then moved the district court to dissolve the injunction and to dismiss the action, which motion was granted.

It did not appear that the plaintiffs were, or could be prejudiced by the redemption, or by any disposition which the sheriff might make of the redemp- tion money, and neither S. nor the sheriff was a party to the action.

*Held therefore :* that the injunction should not have been allowed, and was properly dissolved. That if the mortgage was void, there was no consideration for the payment of the money by way of redemption, and if S. paid it in ignorance of the facts, he can maintain an action against the defendants to recover it back. That while the redemption of the premises from the mortgage sale removed the cloud that the record cast on the title, it did not dispose of the question of the validity of the mortgage. That the question as to the validity of the mortgage lies at the foundation of the rights of both the parties, and both are *necessary* parties in its litigation, and the plaintiffs have a right to have the question settled in this suit.

This action was commenced in the district court for Ramsey county, to cancel a certain instrument, purporting to be a mortgage deed, executed by the plaintiffs to the defendants upon certain real estate in Ramsey county, and duly recorded, and the conveyance from the sheriff of said county to defendants upon foreclosure thereof, upon the ground that said mortgage was never executed. After the action was commenced, the plaintiffs sold and conveyed said real estate to one Charles Scheffer, by warranty deed, with covenants against incumbrances. Scheffer before the time of redemption of said premises from said mortgage sale expired, paid to said sheriff the amount required for such redemption out of the balance of the purchase money which then remained unpaid. The plaintiffs thereupon, on affidavit setting forth the facts, asked for an injunction restraining the sheriff from paying over to the defendants the said redemption money, which was granted by a court commissioner. A motion to dissolve the injunction and dismiss the action was made by defendants and granted by the court.

The plaintiffs appeal to this court.

Lorenzo Allis, for Appellants.

Harvey Officer, for Respondents.

*By the Court*—WILSON, CH. J.   It does not appear that the plaintiffs were, or could be prejudiced by the redemption of said mortgaged premises by Scheffer, or by any disposition which the sheriff might make of the redemption money.   And .it is a general rule applicable in cases like this, that an injunction will not be granted against a person not a party to the suit.   3 *Dan. Ch. Prac.* (3d ed.) 1717; *Fellows vs. Fellows,* 4 *I. C. R.,* 25.   The injunction therefore should not have been granted, and was properly dissolved.   But we think the action should not have been dismissed.

Though the plaintiffs had conveyed away the lots, they had covenanted that they were free from incumbrances, and their grantee claimed the right to apply a portion of the purchase money in payment of the mortgage which this action is brought to cancel.   If the mortgage was void, there was no consideration for the money paid by way of redemption, and if Scheffer paid it in ignorance of the facts, he could maintain an action against the defendants to recover it back.

The question, therefore, whether the mortgage is a valid incumbrance is not one solely between the plaintiffs and their vendee ; the rights of the defendants are also involved in its decision, and in its litigation they are necessary parties. While the redemption of the lots from the mortgage sale removed the cloud that the record cast on the title, it did not dispose of the question of the validity of the mortgage. This is a question in this case, and lies at the foundation of the rights of both the parties, plaintiff and defendant, and the plaintiffs, we think, had a right to have it determined in this action.

Let the order appealed from be modified accordingly.