PETER SOMMERS McNEIL AND MICHAEL BERGIN *v.* JOHN SHIRLEY, CATHERINE SHIRLEY, JOHN BERRY, JOHN COTTLE, AND J. ROOME LEWIS.

CONSTRUCTION OF INSTRUMENTS.— In construing written instruments the circumstances under which they were written and the subsequent conduct of the parties may be consulted.

CONSTRUCTION OF POWERS.—F. gave D., as they supposed, a valid power to sell land, but it was worthless. F. then departed from the State, and afterwards wrote to D., saying : " I want you to sell some of my lots, or advance the means to meet this administration act, before the year expires, which I send you by mail. You can sell such lots as you see fit, retaining enough to pay Judge G. for the first purchase money. It might be best to cut them up so as to sell in small lots. But you judge of this." *Held*, that this letter authorized D. to sell at his discretion. *Held*, further, that a deed made under it by D., if not good as a deed, was good as a contract by F. to convey.

IDEM.—F. empowered D. to sell land and take up a note held by G. against F. D. sold the land to G. at the face of the note, which was its full market value, and took the note in payment. *Held*, that a power to sell imports a sale for cash ; but *held*, further, that the above was a sale for cash within the rule, and not an accord and satisfaction.

FINDINGS ON APPEAL.—Findings on appeal will not be disturbed where the testimony is conflicting.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an action of ejectment. The complaint was in the usual form. The defendants, after putting in issue the allegations of the complaint, alleged an equitable title in

themselves, and asked a decree compelling the plaintiffs to convey to them the legal title, if it should be found that they held it.

The case was referred, with instructions to hear and determine all the issues, and report findings and judgment, together with the testimony. The referee reported findings in favor of the defendants, and a judgment compelling the plaintiffs to convey to them, which was entered as the judgment of the Court.

The plaintiffs moved for a new trial, upon the ground that the findings were contrary to the evidence, which was denied, and then appealed from both the judgment and order.

The facts upon which the case turned, as shown by the testimony and found by the referee, were as follows :

Hiram Foster, who was a clerk with John W. Geary, then Alcalde of San Francisco, became the purchaser of certain lots sold by Geary at a town sale, in December, 1849, the premises in controversy being part thereof. The purchase money was not paid, but Foster executed and delivered his promissory note to Geary for the amount. Foster, intending to return to the Eastern States, requested Henry L. Dodge, at the time a clerk in the same office, to have prepared a power of attorney for him (Foster) to execute, authorizing Dodge to dispose of his real estate. In pursuance of this request, a power of attorney was prepared and executed by Foster to Dodge. The only object and purpose of this power of attorney was to enable Dodge to sell and convey Foster's real estate, but it was, in law, insufficient for that purpose. Thereafter, Foster left the State, and in October, 1850, addressed to Dodge the following letter :

" PITTSBURGH, PA., October 25th, 1850.

" DEAR DODGE : Expecting almost weekly to be able to announce my departure for San Francisco, I have only time to write you a few lines, as the mail is leaving. I should have been able to get off some time since, had it not been for my office here, which, so far, I have not been able to sell. I

have now an offer, and, if it is come up to by the fellow, I shall close things very soon and be off, but shall go to Vermont first, for a little while. *I want you to sell some of my lots*, or advance the means to meet this administration act, before the year expires, which I send you by mail, accompanied by the vouchers, etc. *You can sell such lots as you see fit*, retaining enough to pay Judge G. for the first purchase money. It might be best to cut them up so as to sell in small lots. But you judge of this. The mail closes in a few minutes for New York, so I can just get this in, and no more. I shall write fully next mail. Respects to Gihon, Reynolds, Merideth, Bowman, Northrop, etc., and particular love to the Judge.

"Yours, in haste,

"J. Heron Foster.

"H. L. Dodge, Esq."

Under the authority contained in this letter, and also presuming that the letter of attorney contained sufficient power for the purpose, in June, 1851, Dodge sold the lot in controversy to John W. Geary, for and in consideration of the indebtedness due by Foster to Geary, *being the original purchase money* of this and other lots, and being the *full value* thereof. By the direction of Geary, this lot, with others, was conveyed directly to James Bowman, who was then a clerk with Geary. Through this conveyance the defendants derive their title.

The plaintiffs claimed under a quitclaim deed from Foster to the plaintiff McNeil, executed in February, 1861. The referee found that the plaintiffs acquired their title with notice of the defendants' prior equity.

After making the deed to Bowman, Dodge wrote to Foster, informing him of what he had done, but received no answer. After this, Dodge discovered that the power of attorney under which he had been acting was worthless, and wrote to Foster, informing him to that effect, and requesting him to send a power to ratify the sales which he had made. In reply, Foster wrote as follows:

" H. L. Dodge, Esq.

" Dear Sir : For reasons which I have mentioned to Mr. Magraw, and which he will communicate to you, I decline complying with your suggestions, as conveyed to me in your note of December 31st, 1853. I have been absent from home for some little while, have just received your letter, and have not time to address you as fully as I would desire upon the subject, by the steamer which conveys this. At my leisure I may write more at length. Meanwhile, you can confer with Mr. Magraw, who is authorized to act for me in this and other matters."

*M. Bergin*, for Appellants, argued that the deed to Bowman, under which respondents claimed, was void as a deed, for the want of power in Dodge to make it. That in any event, Dodge had power to sell for cash only, and that the transaction between him and Geary amounted to nothing more than an accord and satisfaction, and was therefore void. That at best the Bowman deed was good only as a contract to convey, and that the finding that the plaintiffs took with notice of it, was contrary to the evidence.

*Daniel Rogers*, for Respondents, argued to the contrary, and also claimed that the Bowman deed was not only good as a contract to convey, but as a deed, because, as he contended, under the statutes of this State, a power of attorney to convey land is sufficient although it has no seal. This point, however, was not decided by the Court. Mr. Rogers also argued that the finding to the effect that the plaintiffs acquired their title with notice of the defendants' prior equity, could not be disturbed on appeal, because the testimony upon that point was conflicting.

By the Court, Sanderson, J.:

In measuring the power conferred by Foster's letter to Dodge, it is incumbent upon us to consider all the circumstances in view of which it was written. Foster supposed that he had already given Dodge full power to sell his lots in San Francisco. In view of that fact it can hardly be supposed that he intended by his letter to hamper or circumscribe the power which his agent, as he supposed, already possessed, under a different instrument; which he must have supposed, if he thought about it at all, would be the true measure of his agent's power so far as his vendees were concerned. In this view it seems clear to us that the statement, "I want you to sell some of my lots, or advance the means to meet this administration act, before the year expires, which I send you by mail," etc., is to be taken merely as a statement of the circumstances or the reasons which made it necessary to make a sale, rather than as prescribing or imposing conditions upon the power to sell. Thereafter, in the broadest terms, Dodge is told to sell "such lots as he sees fit," and to exercise his own judgment as to the quantity or size of the parcels to be sold, and to reserve enough money from the sales to pay Geary. On the whole, we think it was Foster's intention to sell lots enough to meet the calls of the "administration act," whatever that may have been, and to pay Geary, to whom he was indebted for the lots. This construction is borne out by the subsequent conduct of Foster, who, when advised of what had been done, did not in his reply to Dodge claim that he had acted contrary to his instructions. It is true that he declined to make the sale valid, if invalid on account of any defect in the power of attorney given by him to Dodge before leaving the State; but neither then nor afterwards, so far as the case shows, did he ever pretend that Dodge had exceeded his powers or instructions as given in the letter. This circumstance is entitled to much weight in the determination of the question

as to what was Foster's intent, as expressed in his letter, touching the sale of the lots. So far as its terms go, we think the letter gave Dodge power to sell at his discretion.

The learned counsel for appellants claims that the transaction between Geary and Dodge was nothing more than an accord and satisfaction, and not a sale, and therefore void, even if we conclude that Dodge had power to sell. Doubtless, as claimed, a power to sell imports a sale for cash; but counsel is in error in claiming that the transaction between Geary and Dodge was not a cash sale. The evidence shows that a fixed sum in money was agreed upon, which sum was the full market value of the land sold. True, the money was not actually paid by Geary to Dodge, but Foster's note, which called for money, was delivered up instead. This was as much a cash transaction as it would have been had Geary actually paid the price in money to Dodge, and Dodge had then paid it back in taking up Foster's note, which would have been an idle ceremony.

The point made by counsel for the respondents to the effect that the letter from Foster to Dodge, though not under seal, was sufficient, by reason of the peculiar language of the sixth section of the statute in relation to fraudulent conveyances, to authorize Dodge to make a valid deed in the name of Foster, it is unnecessary to determine. The deed to Bowman, if not valid as a deed for the want of a seal to the written power under which it was made, was nevertheless good as a contract to convey and the referee found that the plaintiffs' purchase was with notice. Under the well settled practice of this Court, where there is a conflict of evidence, that finding cannot be disturbed on the ground that it is contrary to the evidence; but, aside from this consideration, we have looked into the evidence and think the finding correct.

Judgment and order denying motion for new trial affirmed.

RHODES, J., dissenting :

I dissent on the ground that the letter of Foster to Dodge did not, in my opinion, authorize the sale that was made by Dodge.