Miller, J.
l. new trial : idence!11118 ev’ I. The first error assigned is, that “ the court erred in overruling the'defendant’s motions to set aside the general and special verdicts” of the jury. These motions specify quite a number of grounds, *432 tlie principal one urged being that the verdict is not sustained by sufficient evidence. The evidence in the case was conflicting, the witnesses for the plaintiff testifying to facts which, if true, clearly entitled the plaintiff to recover. On the other hand, some of the witnesses for the defendant testify to facts entitling him to a verdict.
On the evidence, as it appears to us on the record, we should be inclined to regard it as very nearly balanced. But the jury, who saw and heard the witnesses, have determined the preponderance in favor of the plaintiff; and the court trying the cause, with the same opportunity for observing the manner and conduct of the witnesses, has refused to disturb the verdict. This court has frequently held that where the evidence is conflicting it will rarely disturb the verdict of a jury on the ground that it is not warranted by the evidence; that it will do so only when the verdict is unjust, and we are well satisfied of the insuffiaiency of the evidence to convince the judgment, reason and conscience of the triers.
State v. Elliott, 15 Iowa, 12; Pilmer v. Br. State Bk., 19 id. 112; Donaldson v. The M. & M. R. Co., 18 id. 280; Havelick v. Havelick, id. 414, and many more cases that might be cited.
If the verdict had been for the defendant, there would have been as good reason for asking us to disturb it as there is now, it being for the plaintiff.
II. Another ground of the motion for a new trial was, that the special verdict was inconsistent with the general verdict. By an examination of the special findings we discover that the facts found were the very facts necessary to support a general verdict for the plaintiff, and entirely consistent therewith.
2,_miscon-toot oí jury. III. Misconduct of the jury was also stated as a ground of the motion to set aside the verdict, and the affidavits of two of the jurors were procured tending £0 that «the jury as a basis for their *433 verdict agreed to take tlie sums found due by each and add them together and divide them by the number of jurors and find and give the result as their verdict,” and which, the affidavits state, “ was done,” and a verdict found and rendered accordingly!
On the other hand the record contains the affidavits of three others of the jurors, flatly and fully denying that the verdict was found or agreed upon in such manner. In this conflict the court below refused to set aside the verdict and we see no reason for reversing the ruling on this point. The court was no doubt fully satisfied that the verdict was not improperly arrived at, that the fact of improper conduct on the part of the jury was not established, and we are of opinion, from the affidavits, that his conclusion was right.
IY. The second error assigned is, “ that the court erred in giving instructions to the jury against the objections of defendant.”
On a careful examination of the record we fail to find that any of the instructions given by the court were excepted to, nor does the assignment of error point out any one of the instructions claimed to be erroneous. Whether there was error or not in the instructions they will not be considered in this court, when not excepted to be-, low and pointed out in the assignment of errors. Rev., § 3059; Hawes v. Twogood et al., 12 Iowa, 582; Peck v. Hendershott, 14 id. 40; Bevan v. Hayden, 13 id. 127.
Y. The third assignment of error is, that “the court erred in refusing instructions asked by defendant.”
3. instruction: error without prejudice. Whether the instructions asked and refused embody the law applicable to the case we need not decide. The charge of the court was very full and clear ° „ , upon every aspect oí tiie case, and it was not error to refuse instructions which were embodied and given in the charge of the court. State v. Hockenberry & Brandt, 11 Iowa, 269; Trustees of Iowa College v. Hill, *434 12 id. 462; Peck v. Hendershott, 14 id. 40; Rindskoff Bros. v. Barrett, id. 101; Russ v. Steamboat War Eagle, id. 370 ; Cousins v. Westcott, 15 id. 254; Denton v. Lewis, id. 301; Nason v. Woodward, 16 id. 216; State v. Rorabacker, 19 id. 154, and other eases that could be cited.
The judgment of the court below is
Affirmed.