Snyder v. Nelson.

---

## SNYDER v. NELSON.

1. **Practice: NEW TRIAL.** The verdict of the jury will not be disturbed where the evidence is conflicting.

2. —— **OBJECTIONS TO EVIDENCE.** The action of the court below in admitting evidence objected to will not be reviewed unless the grounds of such objection are made to appear.

3. —— **EXCEPTIONS TO INSTRUCTIONS.** The giving or refusal of instructions must be excepted to at the time thereof.

*Appeal from Muscatine Circuit Court.*

THURSDAY, APRIL 6.

ACTION on two promissory notes given for profits on "Ingalls' improved seeder and cultivator," payable to Alfred Ingalls or bearer, for $120 each. Plaintiff claims to have purchased the notes from a third party before maturity for value, without notice of any infirmities therein. Defendant answered denying the execution of the notes. Jury trial. Verdict for defendant, and plaintiff appeals.

*Cloud & Broomhall* for the appellant.

*Wm. F. Brannan* for the appellee.

Snyder v. Nelson.

MILLER, J. — I. The first error assigned is that "the court erred in holding the verdict was supported by suffi-

1. PRACTICE: cient evidence.   The evidence was conflicting, new trial.  the defendant testifying that he did not sign, or authorize any one to sign, either of the notes sued on, while one Murphy, a witness for the plaintiff, testifies that he saw defendant sign them.   There are some circumstances tending to support the testimony of the defendant, while there are others tending to support the witness Murphy.   In this conflict, the jury, with the witnesses before them, have decided upon their credibility, and the court, with the same means of determining the preponderance of the evidence, has refused to disturb the verdict on this ground.   This court has uniformly refused to interfere when such is the case.

II. In the second assignment it is claimed that "the court erred in holding the verdict was not contrary to law."

The defendant in his answer took issue on the making of the notes.   The issue of fact for the jury to determine was whether the notes were executed by the defendant. Finding that they were not executed by him, the general verdict for the defendant was not contrary to law but in strict accordance therewith, and hence the court committed no error in thus holding.

III. The third error assigned is, in admitting evidence of other alleged frauds and forgeries of one Michael

2. —— objec- McNorton (the person who procured defend-
tions to evi-
dence.     ant's notes) at or about the same time.

The court below, against the objection of appellant's counsel, permitted William H. Davidson, a witness for defendant, to testify "that on the 20th day of August, 1868, the witness Murphy and a stranger came along the road where he was, and wanted to establish an agency for a machine — 'Ingalls sower and cultivator.'   I took the agency of Sweetland township from the man called McNor-

ton. I signed a contract of agency, in duplicate, and an order in duplicate. They did not mention the word 'note,' and I signed no note; but I have been sued on a note similar to the ones in this suit dated August 20, 1868; the note is a forgery."

Also for the same purpose, against plaintiff's objection, defendant introduced T. F. Runyon and Charles Barras, who testified in substance the same as Davidson. To all of which the plaintiff objected and excepted. The *ground* of the objection was not stated. This is required by the last clause of section 3107 of the Revision in these words: "If the exception is to the admission or exclusion of evidence, written or oral, the *ground of the objection must be also* stated, *and no other shall be regarded."* And this court has held under this clause of the statute that where no ground of objection to evidence is stated, none can be regarded on appeal. *Carleton* v. *Byington,* 18 Iowa, 482. Whether the evidence was objectionable had proper grounds been stated, we do not decide for the reasons above stated.

IV. The fourth error assigned is to an instruction given by the court to the jury at the request of the defendant. No exception was taken to the giving of this instruction at the time. It was urged as erroneous for the first time in the appellant's motion for a new trial.

3. —— exceptions to instructions.

This was too late. The exception should have been taken at the time the instruction was given. Otherwise, it will not be regarded. See, on this point, *Snyder v. Eldridge et al., ante,* 129, and authorities cited.

Having noticed all the errors assigned and finding none properly presented in the record, the judgment of the circuit court is

                                                  Affirmed.