[No. 2,687.]

EDWIN PHELPS (CHARLOTTE A. PHELPS substituted) *v.* JAMES McGLOAN, and JOHN W. BRUMMAGIM, Administrator, with the Will annexed, of Jacob C. Beideman, Deceased.

Findings not Disturbed, where Conflict of Evidence.—It is the uniform practice not to disturb findings on appeal as contrary to evidence, where there is a substantial conflict of evidence.

Conversations Explanatory of Character of Possession as Evidence.—In ejectment on the ground of prior possession in plaintiff's grantor, it is competent for the defendant to show a conversation of such grantor while in possession, tending to explain its character, whether as a claimant in his own adverse right, or as tenant of defendant's grantor.

RECALLING WITNESS TO CONTRADICT TESTIMONY CONFLICTING WITH HIS OWN.—It is no error to refuse to allow a plaintiff to recall a witness in rebuttal for the sole purpose of contradicting a witness for defendant on a point upon which plaintiff's witness has already testified.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

This was an action of ejectment for a tract of about twelve acres of land, known as the Hutton Tract, in the City and County of San Francisco. The suit was originally commenced in the name of Edwin Phelps, but an affidavit having been filed by him to the effect that he had transferred his interest to Charlotte A. Phelps, she was, on motion, substituted as plaintiff in his place.

The plaintiff claimed that her husband, Abner Phelps, from whom she deraigned title through Edwin, had been in adverse possession of the land from 1853 to 1863. The defendants, who claimed through various mesne conveyances from Captain J. F. Hutton and Agostin Haraszthy, among other defenses, denied Phelps' possession, and set up possession in said Hutton and his tenants.

In the course of the trial it appeared that in 1860 there was no one living upon the property, but that the fences placed there by Captain Hutton were in good order, and that Abner Phelps, who lived upon an adjoining tract of land, had several cows pasturing upon this. J. F. Hutton, Jr., being upon the witness stand on behalf of defendants, testified that in that year he returned from the east, shortly after Captain Hutton, his father's, death; that he went out to look at the land; that he found the fences up, and several cows of Abner Phelps' on it; that he crossed the tract, and was about to climb over the fence and go to Phelps' house when Abner Phelps came up, and a conversation took place in reference to the possession of the land, one being on one side of the fence and the other on the other side. Witness was then asked the question, " What then took place be-

tween you and Abner Phelps in conversation?" Plaintiff objected, on the ground that the evidence would be irrelevant, immaterial, and incompetent, and that no foundation had been laid for the conclusion that defendants were connected with the Hutton claim. The objection was overruled, and the plaintiff excepted. The witness then testified that Phelps said that the land belonged to Captain Hutton; that he had made an arrangement with Captain Hutton to hold possession for him; and that he would take his cattle out if desired, but witness replied there was no occasion.

It also appeared in evidence on the part of defendant that from 1853 to 1857, Mr. and Mrs. Bach were in possession, living upon and keeping a milk ranch upon the tract; that they entered under and paid rent to Captain Hutton; and that they served Phelps with milk. Abner Phelps being interrogated by plaintiff as to these facts, testified that he allowed the Bachs to live on the tract, and that the milk he received was in the way of rent. To rebut his evidence, Mrs. Pfoff, formerly Mrs. Bach, was called by defendants, and testified that Phelps agreed to pay cash for all the milk he got; and that, though he was often solicited by them, both before and after they left the Hutton Tract, he never would pay, or give them satisfaction; but never mentioned anything about rent, or pretended to them that they were, or ever had been, his tenants. Plaintiff then offered to recall Abner Phelps, for the purpose of denying the testimony of Mrs. Pfoff, that he was to pay cash for the milk furnished him. The Court refused to permit the witness to be recalled for that purpose, on the ground that it would be going into plaintiff's case anew. Plaintiff excepted.

There having been a judgment for defendants, and a motion for a new trial denied, plaintiff appealed from the judgment and order.

*E. J. & J. H. Moore*, for Appellant.

There was error in admitting in evidence against plaintiff's objection and exception, the conversation between the witness Hutton and Abner Phelps. The declarations of Phelps in that conversation, even if made as stated by the witness Hutton, were irrelevant and constitute no estoppel by the privity of Phelps with the plaintiff; and if not an estoppel, they should not have been heard. (*Biddle Boggs* v. *Merced Mining Co.*, 14 Cal. 367; *Duell* v. *Bear River, etc., M. Co.*, 5 Cal. 84; *Carpentier* v. *Thurston*, 24 Cal. 281.) If intended to be used by way of equitable estoppel, the declarations of Phelps should have been pleaded. (*Clarke* v. *Huber*, 25 Cal. 593; *Davis* v. *Davis*, 26 Cal. 23.)

There was error in refusing to allow plaintiff to rebut the testimony of Mrs. Pfoff.

The evidence showed that Abner Phelps was in possession of the land and that the defendants took possession and ousted him in 1867.

*John B. Felton* and *Theodore H. Hittell*, for Respondents.

If there was any testimony tending to show a possession of the property in dispute in Abner Phelps at any time in his own right, such testimony was overwhelmingly overthrown by contradictions and more creditable testimony on the part of defendants. But this is not important here, for the reason that the rule that a judgment or finding will not be disturbed on a plea of being contrary to evidence, when there is a conflict in the evidence, is so well established that it requires no citation of authorities to sustain it.

There was no error in admitting the testimony of J. F. Hutton as to the conversation between him and Abner Phelps, as to the possession of the property. The exceptions were generally on the ground of irrelevancy, immateriality, and incompetency; and no objection was made with

reference to any question of estoppel, now for the first time thought of by appellant. The questions asked and testimony given were clearly material, relevant, and competent to explain the nature of the possession Phelps claimed to hold, as well as to contradict his previous statements.

There was no error in refusing to permit Abner Phelps to take the stand for the third time in rebuttal of testimony of Mrs. Pfoff. The proposition was to have him repeat what he had already said in his testimony in rebuttal. His recall was at any rate a matter entirely without the discretion of the Court. No error can be predicated upon a refusal.

By the Court, Sprague, J.:

After a careful examination of the testimony, as presented by the record, I find that upon the question of possession of the demanded premises and the character thereof, from 1853 to 1863, there is direct and substantial conflict between the evidence presented by plaintiff tending to establish actual possession in Abner and Edwin Phelps, through whom she claims title, and that presented by defendants tending to establish actual possession in other parties, through whom they claim title; and as to the years 1854 and 1855, the evidence tending to establish actual possession in Abner Phelps is in direct conflict with that tending to establish such possession in J. F. Hutton, Sr., and one Haraszthy, through whom defendant Brummagim's testator, Biedeman, claimed title. The findings, therefore, under the uniform practice of this Court, will not be disturbed on review.

The objection to the evidence of a conversation between Abner Phelps and Hutton, Jr., in 1860, while Phelps was in possession of the premises, was not well taken. This evidence tended to explain the character of possession held by

Points decided.

Phelps at the time, whether it was as a claimant of the premises, in his own adverse right, or as tenant of Hutton, Sr.

There is nothing in the point urged against the ruling of the Court, refusing to allow plaintiff to recall the witness, Abner Phelps, for the purpose indicated, which was to contradict the evidence of Mrs. Pfoff, formerly Mr. Bach, so far as the same was in conflict with the testimony already given by the witness Phelps.

Judgment and order denying new trial affirmed.