Caulfield et al v. Bogle.          .

--- --- ---

CAULFIELD ET AL V. BOGLE.

1. An appeal coming into this court alleging generally, for error, " that the evidence was insufficient to justify the decision," without specifying in what the error consists, in compliance with the Statute and the rules of court, will not be considered.

2. This court will not disturb the finding of the District Court (a jury being waived) when there is a substantial conflict in the evidence, unless great injustice appears to have been done, or there is an entire want of evidence to sustain some link in the chain of proofs necessary to a recovery.

*Appeal from the District Court of Lawrence County.*

ACTION to recover attorney's fees. Tried by the court and findings of fact waived. Judgment for plaintiff.

*Loring E. Gaffey*, for appellant.

*Choteau & Bowman*, for respondents.

HUDSON, J.—This cause was tried by the court, a jury and the finding of facts having been waived.

It appears from this record that the grounds upon which a new trial was asked was "that the evidence is insufficient to justify the decision," and the exception to the decision overruling the motion states no other.

The assignment of errors upon which this appeal is taken is as follows:

1st.—" The decision of the court is against evidence."

2nd.—" The evidence was insufficient to justify the decision."

This manner of presenting a case to this court for review is not in compliance with the Code of Civil Procedure, section 279, or the rules of this court (Rule 16) and is in open disregard of the decision of this court in *French and others v. Lancaster and others*, 9th *N. W. Reporter*, page 716. In that case the court says: "As in this case the exception to the verdict or decision and a new trial is moved for in the lower court upon the grounds of insufficiency of the evidence to sustain it, the objection should specify the particulars in which it is alleged such evidence is insufficient, classifying the evidence and giving all the evidence relating to each particular of the alleged insufficiency in connection with each."

The evidence in this case is not so voluminous as to make an adherence to this rule so important as it might be and frequently is in others. But in any case to allege error in a decision of the court below, upon which a motion for a new trial is based, and a demand for the reversal of the judgment in this, without specifying in what the error consists, is imposing a burden upon both the trial court and the appellate court that either ought not to bear. In *Brown v. Tolls*, 7 Cal., 398, Murray, C. J., in giving the opinion of the court says: "If a party complains of error and seeks a reversal, it is due to us that he should show wherein the error

consists.   We cannot be expected to wade through the record to find·argument or invent pretexts for reversing the cause.   We cannot act in the double capacity of counsel and judges.   An appeal coming into this court in that form cannot be considered.

There is another reason why this court will not disturb the judgment or decision in the case presented, or attempted to be presented by this record.    The questions involved in this contention are simple questions of fact; there was evidence presented to the court ·below on the trial, by both parties, bearing upon these questions, and this evidence was more or less conflicting.   That court had the opportunity to see the witnesses, to note their appearance and conduct, and could judge of the preponderance of evidence far better than an Appellate Court, not having had such opportunity, possibly can.   After weighing the evidence in the light of all these circumstances, that court made its decision, which was equivalent to a finding of facts.

In such cases courts have always hesitated to disturb the verdict of a jury, or the findings of a court, upon a question of fact, the evidence being conflicting, and will not, unless great injustice appears to have been done, or there is an entire want of evidence to sustain it.   This has been the general current of decision of courts in this country, with but few exceptions.

It is true there is some diversity in the holding upon this subject among the States. In some the matter is controlled by statute, but in those States that have no statute law governing this subject, the holding is as above stated.   In this Territory we have no statute affecting the question, nor has it been settled by any decision of this court.   In several neighboring States, under a code and practice nearly identical with our own, the question has been put at rest by a number of well considered decisions.   In *King v. Meyer*, 35 Cal , 646, which was a trial by the court without a jury, the Supreme Court says:   " Upon the question as to the fact, there is a substantial conflict of evidence and under the uniform action of this court, although the evidence in this case is vague and unsatisfactory, we do not feel at liberty to disturb the findings." To the same effect is *Scanell v. Strahle*, 9 Cal., 177 ; *Escolle and Another v. Merle*, id. 94 ; *Lewis v. Cavelland*, 21 Cal., 178 ; *Tebbs v.*

*Weatherwax*, 23 Cal., 58; *Preston v. Keys*, id. 194; *McNeil v. Shirley*, 33 Cal., 202; *Phillips v. McGlone*, 42 Cal., 298. In *Humphrey et al v. Havens*, 12 Minn., 278, the court says: "It has been repeatedly held in this court, and elsewhere, that, as a general rule, the finding of a jury, a court, or referee, upon a question of fact, will not be disturbed when there is any evidence reasonably tending to sustain it"; and in *Egan v. Faendall*, 19 Minn., 231, it is said "such finding should be held conclusive, where there is conflicting evidence." See *Todd v. Branan*, 30 Iowa, 439; *Snyder v. Eldridge*, 31 Iowa, 129; *Snyder v. Nelson*, 31 Iowa, 238. The Federal Courts maintain the same doctrine, *Alverson v. U. S.*, 8 Wall., 337. In *Bassett v. U. S.*, 9 Wall., 38, the court says: "When a court sits in place of a jury and finds the facts, this court cannot review the finding. If there is any error in such case shown by the record in admitting or rejecting testimony, it can be reviewed here, but when the court, by permission of the parties, takes the place of the jury, its finding of facts is conclusive, precisely as if a jury had found them by verdict."

This doctrine is so well sustained, both by reason and authority, that it no longer admits of controversy, and, applied to this case, is decisive against the appellant.

The judgment of the District Court is

AFFIRMED.

All the Justices concurring.