### REMER v. MACKAY.

*(Circuit Court, N. D. Illinois.* May 21, 1888.

**1. QUIETING TITLE—VENUE.**
A court of equity, having jurisdiction of the parties, has also jurisdiction to compel defendant to release and discharge an apparent cloud upon the title to land situated in another state.

**2. SAME—VOID JUDGMENT.**
Where a judgment is absolutely void for want of jurisdiction, a party affected by it is not compelled to apply for relief in the court which rendered it, but may bring a suit in equity in another state to avoid its consequences.

**3. SAME—ATTACHMENT OF LAND OF NON-RESIDENTS.**
A judgment of a state court, rendered against non-resident defendants without personal service upon either, and without appearance, decreeing that certain land situated in the state, held by one of the defendants, was conveyed to and held by her in fraud of the creditors of the other defendant, and directing its sale to satisfy such creditors, is absolutely void for want of jurisdiction; and a court of equity in another state will entertain a bill to set aside, as a cloud on the title, ''·ʌ sheriff's deed upon sale under such judgment.

**4. SAME—TITLE OF COMPL... ..ANT.**
Although a deed complained of as a cloud upon title is void, yet a complainant who has parted with his title to the property, and is only a warrantor in the chain of title, may apply to a court of equity to have the cloud removed.

In Equity. Bill to remove cloud on title. On demurrer to bill

*O. F. Woodruff,* for complainant.

*Fry & Babb,* for defendant.

BLODGETT, J. This is a demurrer to a bill filed by complainant to remove a cloud upon the title to a tract of land alleged to be owned by complainant situate in the state of Iowa. The substance of the case stated in the bill is that one Adam Remer was indebted to Duncan Mackay, the defendant, upon a promissory note, and they were both citizens and residents of the state of Illinois. Remer's wife in some way obtained title to the tract of land in Iowa now in question. Defendant Mackay caused a suit to be brought against Remer and his wife, in the county in Iowa where the land was situated; the complainant, under the Iowa Code of Practice, stating in substance that Adam Remer was indebted to the plaintiff in the amount due on the note; that both defendants were non-residents of the state of Iowa, and that Adam Remer had purchased the tract of land in question, for which he had paid the consideration, and had caused the title to be conveyed to his wife for the purpose of hindering, delaying, and defrauding the creditors of him, the said Adam; and prayed an attachment and judgment against Adam as a non-resident debtor; and also prayed that Mrs. Remer should be adjudged to hold the title in fraud of Remer's creditors and in trust for Remer, and that the property should be subjected to the payment of his (Mackay's) debt. No personal service was obtained in any form upon either of the defendants, but constructive service was made by publication of notice, as prescribed by the Iowa statute in suits against non-residents; and in due time the case came on for trial. The record of the trial shows that the court,

"having heard the testimony, found that the allegations in the complaint were true," and rendered judgment against Adam Remer for the amount due upon the note, and costs of suit, and directed that a special execution issue for the sale of the land described in the plaintiff's complaint. A special execution was accordingly issued, and the land was sold. In due time the sheriff, after the expiration of the term given by the Iowa statute for redemption, made a deed to Mackay, the plaintiff in the Iowa case and defendant here. The bill in this case also avers that complainant purchased this land from Mrs. Remer, and that complainant, with no knowledge of the proceedings in said suit, sold said land and gave a warranty deed therefor, and complainant now brings this bill upon the ground that the deed so obtained by defendant, Mackay, under his said judgment, is a cloud upon the title of Mrs. Remer so acquired by complainant in good faith, and which complainant is bound by his deed of warranty to protect; and prays that defendant be compelled by the decree of this court to release whatever title he has apparently acquired by his said judgment, execution, and deed.

The demurrer to the bill proceeds upon several grounds. The first is that this court has no jurisdiction to adjudicate upon the title to property in another state, and especially has no jurisdiction to set aside or interfere with the judicial proceedings of the courts of a state. This is a proceeding in equity, and equity, as a rule, operates wholly *in personam.* It operates upon the conscience of the defendant by decreeing him to do or refrain from doing some special act; and the general effect and scope of a decree in a court of equity is aimed at the volition or conscience of the defendant. This court, having personal jurisdiction of the defendant in this case, can direct its decree upon him, and compel him to do what is equitable and right under the circumstances and the facts in the case; hence, it seems to me, there can be no doubt there is jurisdiction as between the parties to this controversy. The court is not asked to pass upon the title to this land, but only to say whether the defendant shall be compelled to release and discharge an apparent cloud upon title if the court shall find that he in equity ought to do so. The case made by the bill is not that of two conflicting titles, but is that the defendant has attempted to divest Mrs. Remer of her title by a judicial proceeding which is void.

The next point made is that this is a judicial proceeding of a court of competent jurisdiction, and that, if there is any remedy for this complainant, it should be found in the court where the cloud originated by reason of these proceedings. That might have force if the showing made by the bill was that there was a mere error committed; but, under the showing made by this bill, the Iowa court had no jurisdiction of Mrs. Remer in the suit, and its judgment and proceedings could not operate to divest her of her interest in this property. While there is no doubt that if a debtor residing in Illinois holds property, real or personal, in his own name in Iowa, a creditor may attach such property, and, under the provisions of the Iowa statute for constructive service by publication of notice, may clothe the court in which such attachment is brought with

jurisdiction to adjudge such property subject to the debts of such owner, yet I know of no judicial proceedings where the apparent owner of property can have his title divested, and his property applied to the payment of another's debt, without personal jurisdiction. This question has been frequently passed upon by the supreme court of the United States, one of the latest decisions being *Pennoyer* v. *Neff*, 95 U. S. 714, where the former decisions are fully reviewed.

The defendant, Mackay, in the proceeding in Iowa, was seeking to obtain, first, a judgment against Adam Remer on his debt; and then a decree that the property of which Mrs. Remer was the apparent owner, and of which she held the legal title, should be adjudged to be liable for the payment of that indebtedness. Mrs. Remer, under the line of authorities I have cited, could not be divested of her title without personal service; and having her day in court for the purpose of contesting the question as to whether she held that title in trust or in fraud of the creditors of Adam Remer; therefore I have no hesitation in saying that, on the case made by the bill, while this deed may be a cloud upon the title of Mrs. Remer to the property, she has not been divested of her estate. Another question made by the demurrer is that, if the defendant's deed is void, then complainant has a full and complete remedy at law. But this complainant has, according to the showing of the bill, now no legal title to this land; he is only a warrantor in the chain of title, and may appeal to a court of equity to remove this cloud. 2 Story, Eq. Jur. §§ 700, 701; *Ely* v. *Wilcox*, 26 Wis. 97; *Chamblin* v. *Schlichter*, 12 Minn. 276, (Gil. 181;) *Hart* v. *Sansom*, 110 U. S. 157, 3 Sup. Ct. Rep. 586. Another point made by complainant in support of the bill is that the record in the Iowa proceeding shows no decree or judgment against Mrs. Remer, and hence that the sale and deed are absolutely void. The record set out in the bill shows that "the court found from the proof that the allegations contained in the complaint were true;" but no judgment or decree was entered finding that Mrs. Remer held the title in fraud of her husband's creditors, and adjudging that the property be applied to the payment of complainant's debt. I do not feel called upon at this time to say whether the omission of the court to render a full decree upon its finding renders the execution and deed void, or only voidable. There are some Illinois cases which seem to hold that a finding without a judgment has no force or vitality whatever, and would not support any subsequent proceedings. *Martin* v. *Barnhardt*, 39 Ill. 9; *Faulk* v. *Kellums*, 54 Ill. 189, 190.

The demurrer is overruled, and defendant can elect either to answer or stand by the demurrer.