HANNIBAL H. CHANDLER & COMPANY, Appellees, v. E. KNOTT & COMPANY, Appellants.

1. **Practice**: TAKING CASE FROM JURY: CONTRACT: CONSTRUCTION. Where in an action to recover compensation for certain advertising, the only real question in dispute was whether the defendant's original order had been enlarged by subsequent correspondence, which was in evidence, *held*, that the question of modification being one of law, the court properly took the case from the jury.

2. **Practice in Supreme Court**: ASSIGNMENT OF ERROR: FORM. An assignment of error that the trial court "erred in the admission and exclusion of evidence in the trial against the objection of defendants," is too general in form to receive consideration in the supreme court.

VOL. 86—8

*Appeal from Bremer District Court.*—HON. G. W.
RUDDICK, Judge.

WEDNESDAY, OCTOBER 5, 1892.

THIS is an action at law to recover two hundred and
ninety-four dollars for the insertion of an advertise-
ment in a newspaper called the *"Farmers' Review."*
The defendants admitted liability in the sum of one
hundred and twenty-five dollars, and denied that they
were indebted to the plaintiff in any other or further
amount. There was a trial by jury, and, when the
evidence had all been introduced, on the motion of the
plaintiff, the court took the case from the jury, and
rendered judgment for the plaintiff for the amount
claimed in the petition. The defendants appeal.
*Affirmed.*

*Gibson & Dawson,* for appellants.

*E. L. Smalley,* for appellee.

ROTHROCK, J.—I. The plaintiff is a corporation,
and publishes a newspaper at Chicago, Ill., called the
*"Farmers' Review,"* which newspaper is
devoted mainly to matters concerning
farming and stock raising. The defend-
ants are a partnership doing business at
the city of Waverly, in this state, and engaged in
importing and dealing in horses. On the sixteenth
day of November, 1889, the defendants made and
executed the following instrument in writing:

1. PRACTICE:
taking case
from jury:
contract:
construction.

"$119.87.
"WAVERLY, IOWA, Nov. 16, 1889.
*"Hannibal H. Chandler & Co., Chicago, Ill.:*
"Please insert our advertisement occupying space of
nine hundred and fifty-nine lines in the *Farmers' Review,*

for, as ordered below, for which we agree to pay you one hundred and nineteen and 87-100 dollars in quarterly payments, advertisement commencing, first insertion on receipt of cut.

| | | |
|---|---|---|
| 21 lines, D. C., 17 times . . . . . . . . | . . | 714 |
| 7 " 35 " . . . . . . . . | . | 245 |
| | | 959 |

1 front pg. illustration, ⎫
1 inside " ⎬ within four months.
           ⎭
                 "E. E. KNOTT & CO."

On the twelfth day of December, 1889, the plaintiff wrote the following letter to the defendants:

                 "Dec. 12, 1889.
"*Messrs. Ed. Knott & Co., Waverly, Iowa:*
"DEAR SIRS:—We notice your advertisement in this week's issue of the *Orange Judd Farmer*. Is this the copy that you wish us to use. Please let us know, and oblige, yours truly,
           "HANNIBAL H. CHANDLER & CO."

On the thirteenth day of the same month, the defendants addressed a letter to the plaintiffs, which is as follows:

        "WAVERLY, IOWA, Dec. 13, 1889.
"*Farmers' Review, Chicago, Ill.:*
"GENTS:—You may put the *Orange Judd Farmer's* ad. in your paper, same as cut inclosed. Our cuts of horses are not out yet, but in about a week we will have them, and send them to you. Very truly yours,
             "E. KNOTT & CO."

And on the fourteenth of the same month the defendants addressed another letter to the plaintiff, of which the following is a copy:

"WAVERLY, IOWA, Dec. 14, 1889.

*"Farmers' Review, Chicago, Ill.:*

"GENTS:—Herewith find cut, which please insert in· lower left-hand corner, same as in *Orange Judd Farmer*. .You may omit the word 'Clydesdale,' and you will then have space for cut. We want it same as our ad. will appear in *Orange Judd Farmer*. Respectfully· yours,       `  ` E. KNOTT & Co."

.It appears from these letters that the defendants· desired their advertisement to be the same as that which they had inserted in the *Orange Judd Farmer,* and that it was so inserted in the plaintiff's newspaper, and that it occupied a much larger space in the paper than nine hundred and fifty-nine lines, as specified in the order made on the sixteenth day of· November, 1889. The evidence shows that the adver-· tising actually made was two thousand, three hundred and fifty-two lines, instead of nine hundred and fifty-· nine lines. The only question of dispute is whether the· original order was ·enlarged by the subsequent corres- pondence between·the parties. There is no real conflict in the evidence, and the question of the construction of· the contract, as modified by the parties, was a question for the court; and, in our opinion, the court properly determined that the contract was so modified that the defendants were liable for the advertisement which was inserted in the paper at the same rate as that named in the original order, and that there really was. no question of fact to be submitted to the jury.

II. It is claimed by the appellant that the court erred in the admission and exclusion of evidence on the trial. It is objected that the questions thus raised cannot be considered, because· error has not been assigned thereon. The objection must be sustained. The assign- ment of error in question is as follows: "The court.

2. PRACTICE in supreme court: assign- ment of error: form.

erred in the admission and exclusion of evidence in the trial against the objection of defendants." It has been repeatedly held by this court that an assignment of error in this general form is insufficient. Code, section 3207; Revision, 1860, section 3546; *Hawes v. Twogood*, 12 Iowa, 582; *Armstrong v. Killen*, 70 Iowa, 51.

We discover no reason for disturbing the judgment of the district court. AFFIRMED.