May Term, 1839.

Rogers
v.
Bishop and Wife.

> *Per Curiam.*—The judgment is affirmed with costs.
> *H. Cooper*, for the plaintiff.

---

Rogers *v.* Bishop and Wife, Administrators.

A suit was commenced in 1837 on a bond executed in 1810 at *Vincennes* in this state, where the obligor resided, conditioned to make the plaintiff a title for certain land by the first of *July*, 1811. Soon after the day last named, the plaintiff, who resided in another state, came to *Vincennes* and demanded of the obligor a title for the land, but did not obtain it—the obligor himself not having the title. The plaintiff then returned home. The obligor, who was always able to pay his debts, continued to reside at *Vincennes* until his death in 1821 ; and his legal representatives have resided there ever since.

*Held* that, under these circumstances, it might be presumed that the bond was paid

A judgment of the Circuit Court without a jury, will not be reversed on the ground that it is not warranted by the evidence, unless it be obviously wrong.

Thursday,
May 23.

ERROR to the *Knox* Circuit Court.

Blackford, J.—This was an action of debt brought in 1837 upon a bond of the defendants' intestate. The bond is dated in 1810, and is conditioned for the making a title for certain land to the plaintiff by the first of *July*, 1811. The defendants pleaded, *inter alia*, payment by the intestate ; upon which issue was joined. The cause was submitted to the Court without a jury, and a judgment rendered for the defendants.

The plaintiff, on the trial, produced the bond and proved that it was executed at *Vincennes* in this state, where the obligor resided. The plaintiff proved that he himself had resided in one of the other states, from the date of the bond until the time of the trial ; that he visited *Vincennes* in 1811,

soon after the time when the condition of the bond was to be performed, and demanded the deed of the intestate, who could not then make a title, he not having any himself. The defendants proved that the intestate resided in *Vincennes* from the date of the bond until his death in 1821, and was always able to pay his debts ; and that ever since his death, his legal representatives have resided in *Vincennes*.

This is all the evidence relative to the question connected with the cause. That question is,—Was the Court authorised, from the circumstances, to presume the bond to have been paid ?

About twenty-six years had elapsed, from the time the cause of action accrued until the action was commenced. That is a longer period than the law requires to raise a presumption of payment ; twenty years being sufficient for that purpose. *Oswald* v. *Legh*, 1 Term Rep. 270.

The plaintiff relies upon two facts to rebut this presumption.

The one is, that the obligor had no title at the time the deed was to be made, and when it was demanded. That circumstance shows that the plaintiff's cause of action existed at that time ; and that his only remedy was for damages. By delaying his suit, therefore, he has subjected himself to the same consequences as if the condition of the bond had been for the payment of money.

The other ground relied on for repelling the presumption of payment, is the plaintiff's residence in another state. The plaintiff was at *Vincennes* soon after the time when the condition of the bond was to be performed, and demanded a performance. He chose afterwards to go to another state and remain there twenty-six years without making any other demand ; and he now relies upon his voluntary absence to repel the presumption, arising from the lapse of time, that the bond has been satisfied. There is nothing in such a non-residence that is inconsistent with the presumption of payment.

If in determining the effect of the non-residence in this case, we should take as a rule the saving clause in the statute of limitations on the subject, in cases of simple contract, it

would be of no benefit to the plaintiff; because, in the first place, the plaintiff was here and under no disability soon after the cause of action accrued; and, in the next place, the statutory clause referred to applies only to persons who are *without the United States.* Rev. Code, 1831, p. 401.

This judgment was rendered upon the merits without a jury, and must therefore be viewed in the same light, as if there had been a verdict for the defendant, a motion for a new trial founded on the insufficiency of the evidence overruled, and a judgment on the verdict. The judgment, in such case, must be obviously wrong to justify our interference. This judgment is not of that description (1).

> *Per Curiam.*—The judgment is affirmed with costs.
> *S. Judah,* for the plaintiff.
> *A. Kinney* and *R. Crawford,* for the defendants.

(1) Acc. *Priest* v. *Martin,* Vol. 4, of these Rep. 311.