May Term,
1856.

Doe
v.
Herr.

Doe on the demise of Condict and Others *v.* Herr and Another.

The evidence cannot be regarded as properly a part of the record until the Court has been called upon by motion for a new trial, to review alike its own finding, or the verdict of a jury.

*Friday,*
*November 7.*

ON PETITION for a Rehearing.

Stuart, J.—The ground assumed by counsel in favor of a rehearing is thus expressed: "The Court erred in holding that, in a case tried by the Circuit Court without a jury, it is necessary to move for a new trial, in order to present the case on its merits in this Court, on appeal." And *Richardson* v. *The St. Joseph Iron Company,* 5 Blackf. 146, and *Rogers* v. *Bishop, id.* 108, are referred to.

These cases do not sustain the position assumed. In *Priest* v. *Martin,* 4 Blackf. 311, it is held that the finding of a Court, without a jury, takes the place of a verdict. The word *judgment,* both in 4 Blackf. 311, and in 5 Blackf. 108, is loosely used; for the *judgment* of the Court is equally conclusive, whether it be founded upon a *finding* or a *verdict.* The language in 5 Blackf. 108, might possibly be strained into the service as favorable to the motion for a rehearing; but it is not supported by 4 Blackf. 311, which is the authority expressly referred to. At least, it is not supported to the extent and in the sense which counsel seek to use it. Taking these two cases together, all that the learned judge (Blackford) could have meant was, that the same sacredness attached to, and the same presumptions arose in favor of, the finding of the Court, as were to be allowed in favor of the verdict of a jury.

We cannot think it was the intention to allow an exception to the general rule requiring a motion for a new trial to be overruled, in order to put the evidence properly upon the record. That rule has been too frequently announced in this Court to need reference. *Reno* v. *Crane,* 2 Blackf. 217.—*Lurton* v. *Carson, id.* 464,

and numerous cases all through our reports. The reason why the Court should be allowed an opportunity to review its finding by motion for a new trial, seems to us equally strong as that in support of its reviewing a verdict. For as the Court is not ordinarily the tribunal to try facts, it would seem as liable to error in that direction, as the jury in the application of the law. Both upon principle, therefore, and to preserve the rules unembarrassed by exceptions, where such exceptions do not seem essential, we adhere to the former decision.

The rule is, that in every instance, unless where the statute has made the exception, the Court must be called upon, by motion for a new trial, to review alike its own finding or the verdict of a jury, before the evidence can be regarded as properly a part of the record. The reason of the rule is too clear, and has been too often announced to need further exposition.

*Per Curiam.*—The petition is overruled.

*C. Baker*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellees.