## WOODALL *v.* GREATER.

SUPREME COURT.—*Assignment of Error.*—On appeal to the Supreme Court, the giving of a certain instruction to the jury cannot be assigned as error, that being a cause for a new trial.

SAME.—*Complaint.*—Where there is no assignment of error presenting the question of the insufficiency of the complaint, the Supreme Court will not examine an argument of counsel upon such question.

EVIDENCE.—*Oral Stipulations Merged in Written Contract.*—All oral negotiations or stipulations between the maker and the payee of a promissory note that have preceded or accompanied the execution of the note and a written assignment of the right to use and vend a patented article, in consideration of which the note is given, must be regarded as merged in the written contract, which must be treated as the exclusive medium of ascertaining the agreement to which the contractors have bound themselves.

From the Knox Circuit Court.

*W. F. Pidgeon, S. W. Short, J. C. Denny* and *C. S. Denny,* for appellant.

*O. F. Baker, J. Baker* and *W. F. A. Bernhamer,* for appellee.

DOWNEY, J.—This action was brought by Greater, as assignee of a promissory note, executed by Woodall to one Glore, and by him assigned to Greater.   Answer:

1.   A general denial.

2.   That the note was executed by the defendant to Glore for part of the consideration which the defendant was to pay to said Glore for the right to use and vend said Glore's Patent Feather Renovater in the State of Indiana, for which Glore represented that he had obtained letters patent from the United States as a new and useful invention, and that the same would renovate old feathers and make them as good as new feathers; that the whole consideration for said patent right for the State of Indiana was seven hundred dollars, of which five hundred dollars had been paid, and that the note mentioned in the complaint was given for the residue; that there was no other consideration for said note; that said patent feather renovater was not a new and useful invention, and would not renovate old feathers and make them as good as new feathers; but the same was worthless; all of which said Glore well knew.

Reply, that after the execution of the note and before its maturity and assignment, the plaintiff informed said Woodall that said Glore was seeking to sell the same to plaintiff, and said Woodall informed the plaintiff that said note was executed for a valid consideration, and would be promptly paid at maturity, and that thereupon, relying upon the statement of said Woodall, he purchased said note of said Glore, paying him therefor a valuable consideration; wherefore, etc.

Trial to a jury, verdict for the plaintiff, motion for a new trial made and overruled, and final judgment for the amount of the verdict.

Errors assigned:

1. Giving the second instruction to the jury.

2. Overruling the defendant's motion for a new trial.

The first assignment presents no question. It is at most only ground for a new trial, and should have been, and we believe was, in another form, stated in a motion for a new trial.

Counsel for appellant, in their brief, urge the insufficiency of the complaint, because it does not sufficiently allege an indorsement of the note by Glore to the plaintiff. Counsel must see, however, that they have assigned no error under which we can inquire as to the sufficiency of the complaint.

One of the reasons for a new trial was, that the court improperly instructed the jury that all oral negotiations or stipulations between the defendant and the payee of the note, Glore, which preceded or accompanied the execution of the written assignment and note, were to be regarded as merged in the written contract, and the written contract was to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves.

We see no valid objection to this charge. It is but the statement of a fundamental rule in the law of evidence, and it was applied by this court in a case much like this. *McClure* v. *Jeffrey*, 8 Ind. 79.

The insufficiency of the evidence is suggested rather than urged by counsel. We think it was sufficient. The note and endorsement were given in evidence, and there was evidence from which the jury might have found either way upon the matter of estoppel pleaded in the reply. We can not disturb the judgment.

The judgment is affirmed, with five per cent. damages and costs.