The opinion of the court was delivered by
Horton, C. J.:
The assignments of error contained in the petition in error filed in this court are as follows:
1. That the verdict of the jury was not sustained by sufficient evidence.
2. That the verdict was contrary to law.
3. That there were errors of law occurring at the trial of the cause, and excepted to by this plaintiff in error at the time.
The only questions attempted to be presented by the plaintiff in error in his brief are upon the third assignment of error. The first and second assignments are waived by him, and therefore will not be considered by this court. Where errors are assigned in the petition in error, but no reference is afterward made to them, either by oral argument or in the brief of counsel for the plaintiff in error, this court will take no notice of them. (Wilson v. Fuller, 9 Kas. 176.) The attempt is made under said third assignment to complain of matters occurring on the trial, and for which a new trial was prayed. But as the action of the court below in overruling the motion for a new trial is not assigned for error, na question therefore is properly raised in this court for the review of the instructions or the' evidence objected to. The third assignment of error does not cover the ruling of the court upon a motion for a new trial, because that is one of the errors which must be specifically assigned. In the absence of any assignment •of error on the part of the trial court in overruling plaintiff in error’s motion for a new trial, the said third assignment of *526 error presents no question, (Woodall v. Greater, 51 Ind. 539; Lingerman v. Nave, 31 Ind. 222.)
Apart, however, from the fatal objections to any consideration of the alleged assignments of error, it is doubtful whether the record is in such a condition in reference to the instructions complained of as that this court might examine and dispose of them, even if the overruling of the motion for a new trial had been specially assigned for error. The instructions are not before us as permitted by §276 of the code. Where the charges are separated and numbered, and exceptions are taken to each, the exceptions should be noted at the close of each instruction. (Sherlock v. Bank, 53 Ind. 73.) Of course .where a general- exception is taken to the whole charge of the court, and a large portion of such charge contains the true declaration of the law as applied to the case on trial, such an exception is entirely unavailing.
Again, it is difficult to tell from the record which party excepted to the instructions. Following the general charge is the following. We quote from the record:
“(The instructions marked ‘yes’ are given and excepted to, and all modifications excepted to. Those marked ‘no’' are refused and excepted to. — S. R. Peters, Judge.)
“(The instructions above marked ‘yes’ and the modifications, those marked ‘ no ’ and those modified, will be given under the head of ‘instructions refused.’ — Reporter.)
“No. 1, marked ‘no;’ No. 2, marked ‘no;’ No. 3, marked ‘no;’ No. 4, marked ‘no;’ No. 5, marked ‘no;’ No. 6, marked ‘no;’ No. 7, marked‘no;’ No. 8, marked‘no;’ No. 9, marked ‘no.’ ”
Further, if we assume that the instructions which were asked for by plaintiff in error and refused by the court were excepted to by such plaintiff in error, then again we are met with the objection that we cannot consider the instructions so refused, because the record fails to show that all the instructions given are preserved in it, and this court cannot hold that there .was error in refusing an instruction, where the record does not purport to contain all the instructions given or refused, because they may have been refused on the ground *527 of already having been given. (Wolfley v. Rising, 12 Kas. 535; DaLee v. Blackburn, 11 Kas. 190; Shepard v. Pratt, 16 Kas. 290; Norton v. Foster, 12 Kas. 44.) Even if we could consider the matters touching the alleged incompetent evidence, an .examination thereof does not convince us it was sufficiently material to have affected the trial. The evidence of Mr. Sterry concerning the proceedings had in the probate court may all be stricken out, and yet sufficient appears to have authorized defendant in error to have appealed from the judgmént of that court. Each of the parties had filed a petition, asking to be allowed to purchase the land; they were heard at the same time, and upon the hearing the probate court adjudged that the plaintiff.in error was entitled to an order to purchase the land at the appraised value thereof, but adjudged one-half of the court costs against defendant in error. From this decision, which was virtually a finding that the defendant in error had not established the truth of the facts alleged in her petition, and that costs should be taxed against her, an appeal was taken by her to the district court. This appeal vacated any j udgment against her, but did not disturb the order and judgment of the court upon the petition of plaintiff in error.
In this action we have taken time to look carefully through the record of the case, and have read all the evidence. The instructions as they now appear before us do not commend themselves to our view of the law, but on account of the matters heretofore discussed, we are not in a condition to correct or reverse the judgment. See Wilkie v. Howe, just decided.
The judgment of the district court must be, upon the record before us, affirmed.
Valentine, J., concurring.