WOOD v. WHITTON.

1. **Practice in Supreme Court**: ERRORS NOT ASSIGNED NOT CONSIDERED. Errors not assigned will not be considered by this court.

2. ——: ERRORS NOT DISCUSSED NOT CONSIDERED. Errors assigned, but not urged in argument, will not be considered.

3. ——: ASSIGNMENT OF ERRORS: SPECIFICNESS REQUIRED. An assignment of error which does not plainly state the error complained of, but refers opposing counsel and the court to the record wherein the error is said to appear, is not sufficiently specific to justify consideration by this court. Code, § 3207.

4. **Practice**: ADMISSION OF EVIDENCE ON FOUNDATION ONLY PARTIALLY LAID. Evidence whose relevancy depends upon the proof of other facts cannot properly be excluded on the ground that such other facts have not already been fully established, when there has been evidence tending to establish them.

5. **Evidence**: AGENCY: LETTER OF DEFENDANT TO THIRD PERSON. Where it was material to prove that a third person was defendant's agent, it was competent for plaintiff to introduce a letter from defendant to such person, for the purpose of proving such agency.

6. **Assignment of Errors**: SPECIFICNESS REQUIRED. Where a motion for a new trial is based on several grounds, an assignment of error in overruling the same must state particularly each of the grounds on which the appellant intends to rely, or it will not be considered. Code, § 3207.

7. ——: INSTRUCTIONS REFUSED: ALL REFERRED TO IN ONE ASSIGNMENT. An assignment of error in refusing to give instructions asked may include more than one instruction, provided each one so included is designated therein by its proper number. *Sherwood v. Snow*, 46 Iowa, 481.

8. **Contract**: AGREEMENT TO RESCIND: CONSIDERATION. The surrender

of a contract, and of the possession of land held thereunder, is a sufficient consideration to support an agreement to rescind and to pay back the purchase money advanced.

9. **Instructions:** MUST CONFORM TO PLEADINGS AND EVIDENCE.

10. **Contract:** MISTAKE: WHEN NO GROUND FOR RELIEF. A party cannot avoid a contract upon the ground that he entered into it believing in the existence of certain facts which did not exist, without showing that the other party led him into the mistake, or, at least, that he would not have made the contract had he known that the supposed facts did not exist.

## Appeal from Floyd Circuit Court.

### THURSDAY, JUNE 4.

ACTION at law to recover upon an agreement to repay to plaintiff certain moneys by him paid upon a contract to purchase lands which, by the agreement, was canceled. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Starr & Harrison*, for appellant.

*Ellis & Ellis*, for appellee.

BECK, J.—I. The first four points discussed in the argument of defendant's counsel are based upon the ground that

1. PRACTICE in supreme court: errors not assigned not considered.

the verdict ought to have been set aside by the court below for the reason that it is in conflict with the evidence. But the decision of the circuit court overruling a motion for a new trial based upon the ground, among others, that the verdict is contrary to the evidence, is not assigned as error, nor, indeed, is the objection made in any other manner in the assignments of error. It is a familiar rule prevailing here that we will not consider objections which are not made in the assignments of error. We cannot, therefore, inquire whether the verdict is sufficiently supported by the evidence.

II.   The defendant's assignment of error is in the following language:

" And the appellant herein says there is manifest error on the face of the record in this:

" 1.   The court erred in overruling defendant's motion to strike amended reply.

" 2.   The court erred in overruling defendant's motion to strike supplemental petition.

" 3.   The court erred in overruling defendant's objections to evidence, as shown by the bill of exceptions.

" 4.   The court erred in sustaining plaintiff's objections to testimony, as shown by bill of exceptions.

" 5.   The court erred in overruling defendant's motion to strike out parts of the testimony of plaintiff, as shown by the bill of exceptions.

" 6.   The court erred in allowing plaintiff to state conversations with Scott and Johnson, or either of them, as to the title to land and possession of land.

" 7.   The court erred in overruling defendant's objection to introduction of letter exhibit ' L.'

" 8.   The court erred in overruling defendant's motion to strike out plaintiff's evidence as to incumbrances on said real estate.

" 9.   The court erred in overruling defendant's objections to introduction of communications and letters between defendant and D. A. Scott and each of same.

" 10.   The court erred in admitting in evidence over defendants objection exhibit ' W.'

" 11.   The court erred in giving his charge to the jury, and in giving each division thereof.

" 12.   The court erred in giving the tenth, eleventh and twelfth divisions of charge and each one thereof.

" 13.   The court erred in not fully instructing the jury as shown in motion for new trial."

III.   The objections made in the first, second, fifth, eighth,

2. ——:
errors not dis-
cussed not
considered.
ninth and tenth assignments of error are not dis-cussed by counsel; we cannot, therefore, under the rules of reported decisions of this court, consider them.

IV. "An assignment of error   *   *   *   must, in a way as specific as the case will allow, point out the very

3. ——:
.assignment of
errors: spe-
cifi eness re-
quired.
error objected to." Code, § 3207. Each of the other assignments after the first and second, and excepting the twelfth, violates this statute. It cannot be said of one of them that it plainly and specifically points out an error. The third, fourth, fifth, eleventh and thirteenth, either directly refer to the contents of the record for direction and information as to what matters are complained of, or these matters cannot be understood without such reference. An assignment should plainly state the error complained of and not refer the opposite counsel and the court to parts of, the record wherein the objection complained of is said to appear. The assignments just mentioned fail to point out the errors therein complained of, and cannot, therefore, be considered by us. Our conclusion is supported by decisions found in almost every volume of our reports. Among them are the following: *Wilson v. Klokenteger et al.*, 56 Iowa, 764; *Low et al. v. Fox*, Id., 221; *Hoefer v. City of Burlington*, 59 Id., 281; *McCormick v. Chicago, R. I. & P. R'y Co.*, 47 Id., 345; *Morris v. Chicago, B. & Q. R'y Co.*, 45 Id., 29; *Stevens v. Brown*, 60 Id., 403; *Marsel v. Bowman*, 62 Id., 57; *Garrett v. Wells*, 63 Id., 256.

V. Defendant complains, in his argument, of the refusal of the court to give certain instructions asked by him, and

SAME AS NO. 1.
the modification of one given at his request. But the assignment of errors does not present these objections. We can consider no question not raised by the assignment of error.

VI. The plaintiff claimed, in this action, that the title of the land which he had contracted to purchase of defendant was

Wood v. Whitton.

4. PRACTICE: admission of evidence on foundation only partially laid.

defective, or that there were incumbrances upon it. He was permitted to testify, against defendant's objection, that he had informed Scott and Johnson that there was a cloud upon defendant's title. The ground of defendant's objection was that it did not appear that these parties were agents of defendant at the time as to matters pertaining to the transaction. The objection is renewed in the sixth assignment of error. But there was evidence tending to prove their agency. The evidence could not have been properly rejected by the court at the time the objection was made, on the ground that their agency was not fully established.

VII. The letter referred to in the seventh assignment of error was addressed by defendant to Johnson, and was

5. EVIDENCE: letter of defendant to third person.

objected to on the ground that it was "incompetent, immaterial, and a communication from defendant to a third party." We think it was properly admitted, as it tended to show that Johnson, one of the persons referred to in the preceding point, was agent of defendant.

As we understand the abstract and argument of defendants, other rulings upon the admission of evidence, complained of

SAME AS NO. 1.

by counsel in the argument are not referred to in the assignments of error. They cannot, therefore, be now considered.

VIII. The twelfth assignment of error assails the tenth, eleventh and twelfth instructions. The twelfth is considered

SAME AS NO. 1.

in the argument of defendant in connection with the thirteenth, fourteenth and fifteenth, upon which error is not assigned. These we cannot consider, and must confine our attention to the instructions specified in the assignments of error. We do not understand that defendant objects in his argument to the tenth and eleventh instructions.

The twelfth instruction, we think, correctly states that certain letters passing between the parties were a proposition

and acceptance constituting the contract upon which plaint-
iff recovers in this case. The instruction, in our opinion,
correctly states the terms of the contract.

We have passed upon and considered all the alleged errors
assigned by defendant. We discover no ground for disturb-
ing the judgment of the circuit court.

                                                    AFFIRMED.

### ON REHEARING.

BECK, CH. J.—I. A rehearing was allowed in this case
upon petition of defendant, and the cause, after another argu-
ment, has been again· submitted. In the former opinion,
through mistake, the last three assignments of error were not
set out. Because of this mistake the rehearing was granted.
These assignments of error are as follows: "(14) The court
erred in overruling defendant's motion for a new trial. (15)
The court erred in refusing to give to the jury the first, sec-
ond, third one-half, fourth, fifth, sixth, ninth, eleventh, thir-
teenth, fourteenth, fifteenth, sixteenth and seventeenth instruc-
tions asked by defendant, and each one thereof. (16) The
court erred in modifying the third instruction asked by
defendant and in giving same." The fourteenth is not suffi-
ciently specific to comply with Code, § 3207, cited in the orig-

6. ASSIGN-
MENT of er-
rors: specific-
ness required.
inal opinion, which, in addition to the language
there quoted, declares, touching an assignment of
error, that, " among several points in a demurrer,
or in a motion, or instruction, or rulings in an exception, it
must designate which is relied upon as error, and the court
will only regard errors which are assigned with the required
exactness."

There were eighteen special grounds assigned by the motion
for a new trial, each presenting different questions of law. The
fourteenth assignment assails all these grounds, without speci-
fying any particular error. This manner of assigning errors
is forbidden by the section of the Code above cited. In addi-
tion to the cases above cited, see *Oschner v. Schunk*, 46 Iowa,

293; *Hawes v. Twogood*, 12 Id., 582; *Todd v. Branner*, 30 Id., 439.

II. The fifth point of the foregoing opinion is incorrect in stating that there were no assignments of error assailing the rulings of the court in refusing the instructions asked by defendant and in modifying the third instruction asked by defendants, and in refusing the others. This conclusion resulted from the mistake above stated in overlooking the fifteenth and sixteenth assignments of error. The fifteenth assignment of errors, under *Sherwood v. Snow*, 46 Iowa, 481, is sufficient to require the consideration of all the instructions refused, which are discussed by counsel in their original argument, to which we will now proceed.

7. ——: instructions refused: all referred to in one.assignment.

III. The third instruction referred to in the sixteenth assignment of errors was to the effect that the agreement involved in the action must be found to be supported by a sufficient consideration. . The modification complained of is to the effect that the surrender of a certain contract, and the possession of certain lands which were covered thereby, would constitute a sufficient consideration. The modification, we think, is correct. Surely it announces a correct rule of law.

8. CONTRACT: agreement to rescind: consideration.

IV. It is insisted that the twelfth instruction, noticed in the eighth point of the foregoing opinion, is erroneous, for the reason that there is no issue in the case to which it is applicable. The ground of this objection seems to be that the petition declares on a contract arising upon the acceptance, on the fifteenth of February, of a proposition made by letter of defendant on the tenth of the same month, while the instruction under consideration holds that the letter of plaintiff, dated March 15th, constitutes an acceptance. But the position of defendant's counsel does not accord with the facts as exhibited by the record. The petition does not allege that the acceptance of the proposition was by letter, but simply that, upon the receipt of the

9. INSTRUCTIONS: must conform to pleadings and evidence.

letter of defendant, he was notified of plaintiff's acceptance of the proposition.

V.   The first instruction asked by defendant was rightly refused.   It is based upon the thought that the jury should only look to the letter of defendant of February THE SAME.   10th, and defendant's letter of the fifteenth of the same month, in order to determine whether there was a contract, and its terms.   In support of this instruction counsel insist that the petition declares upon a contract made by these two letters.   We have above pointed out that this is a mistake.   The court was therefore right in refusing the instruction.

VI.   The second instruction refused is to the effect that, if plaintiff's proposition had been made under a misappre-
10. CONTRACT: hension of facts as to the condition of the land,
mistake:
when no    defendant was justified in refusing to perform the
ground for re-
lief.      contract.   The instruction was correctly refused on the ground; if no other exists, that there is no evidence tending to show that defendant was induced by his mistaken belief as to the condition of the land to make the offer which plaintiff accepted, or that plaintiff had directly or indirectly caused this mistake.   Defendant does not claim in his own evidence that if he had known the true condition of the land he would not have written the letter making the proposition. He complains that he was misinformed of the condition of the land, of the fact that a house had been removed from it, but does not say that the proposition was made because he believed the land was in a different condition and that the house was upon it.   He does not claim that plaintiff caused the mistake, but that he did not give information as to the condition of the land.

VII.   The contract of the purchase of the land, whereon payments were made, which were to be repaid by defendant under the contract in suit, was assigned to plaint-
SAME AS NO. 9.   iff.   The fourth instruction refused holds, in effect, that, to entitle plaintiff to recover, he must show

a tender or an offer to execute to defendant a written instrument transferring the interest of plaintiff in the land. The instruction was properly refused for the reason, among others, that no such claim was made in the pleadings or upon the trial. The answer alleges that plaintiff has never tendered the contract itself to defendant, but there is no complaint that he has never tendered any other instrument.

VIII. The fifth instruction, in effect, holds that the contract is to be found in a letter written to plaintiff by defendant, and defendant's "reply" thereto, which is THE SAME. understood to mean the first letter written to defendant after plaintiff received his letter. There was more than one letter written by plaintiff before he finally accepted the proposition by letter dated March 15th. It is plain that plaintiff's acceptance of the proposition by letter, subsequent to the first letter in response thereto, would bind defendant, if he had not in the mean time withdrawn the proposition. The fifth instruction was rightly refused.

IX. The sixth instruction is to the effect that plaintiff cannot recover unless he shows tender of a conveyance of his interest in the land to defendant. The instruc- THE SAME. tion was rightly refused, for the reason stated in the seventh division of this opinion.

X. The eleventh instruction asked repeats the error of the first and fifth, in holding that the contract is to be found in defendant's letter of the tenth of February, and THE SAME. defendant's reply thereto of February 15th. It was rightly refused, upon the ground disclosed in the fourth, fifth and eighth points. Other instructions refused are not made the subject for discussion by defendant's counsel. We cannot therefore consider them.

XI. The court upon its own motion required the jury to find specially upon certain questions propounded to them. This action is made the ground of complaint in SAME AS NO. 1. the argument of counsel for defendant. But no error is assigned thereon, and we cannot therefore consider it.

The foregoing discussion, in connection with the original opinion, disposes of all questions in the case. The judgment of the circuit court is

AFFIRMED.