LUCINDA CLARK V. AMANDA SCHNUR *et al.*

NEW TRIAL — *Overruling Motion — Question, Not Considered.* Where, in an assignment of errors, the only errors complained of relate to matters occurring on the trial, for which a new trial was prayed, but the action of the court in overruling the motion is not assigned for error, no question is properly raised in this court. *Carson v. Funk,* 27 Kas. 524, cited, and followed.)

*Error from Shawnee Superior Court.*

EJECTMENT. Judgment for plaintiffs *Schnur* and another, at the January term, 1886. The defendant *Clark* brings the case here.

*Brayman & Stevens,* for plaintiff in error.

*D. E. Sowers,* and *G. N. Elliott,* for defendants in error.

Opinion by SIMPSON, C.: The assignments of error in this case are as follows:

1. The court erred in its instructions given to the jury on the trial of the action.

2. The court erred in admitting certain evidence of the plaintiff, to which the defendant objected.

3. The court erred in ruling out the evidence of Israel Zimmerman and Susannah L. Zimmerman, offered by Lucinda Clark on the trial of the action, over the objection of the said Lucinda Clark, to which ruling she excepted at the time.

4. The judgment was given for Amanda Schnur and Alma J. Proctor, when it ought to have been given for Lucinda Clark, according to the law of the land.

It will be noted that the assignment of such errors is in all cases a ground for a new trial, and it will be especially noted that the action of the court in overruling the motion for a new trial is not assigned for error. This brings the case within the operation of the rule announced in *Carson v. Funk,* 27 Kas. 524. It is expressly held in that case that "where, in an assignment of errors, the only errors complained of relate

to matters occurring in the trial for which a new trial was prayed, but the action of the court in overruling the motion is not assigned for error, no question is properly raised in this court." On the trial of this cause below, a motion for a new trial was filed, for several reasons:

"1. For irregularities preventing the defendant from having a fair trial herein.

"2. The verdict was contrary to the law of the case.

"3. The verdict was contrary to the evidence in the case.

"4. For errors of law occurring at the trial, and excepted to by the defendant at the time."

This motion was overruled, and all exceptions saved, but it is not assigned as error in the petition in error.

In this court the sole contention has been concerning the exclusion of most of the depositions of Zimmerman and wife, and their competency as witnesses, and no other errors have been strongly insisted upon, or indeed urged. The question urged is an important one, and involves the construction of § 322 of the code, but in the present condition of the record we are not authorized to dispose of it. It follows that we must recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.