## THE CITY OF McPHERSON v. E. J. MANNING.

RULINGS, *When Reviewed — New Trial.*   Rulings of the district court, made in the course of a trial, are not available as grounds of error in the supreme court, unless the district court has had an opportunity to reëxamine and correct them upon a motion for a new trial, and unless the overruling of that motion is assigned as error in the supreme court.

*Error from McPherson District Court.*

ACTION to recover damages for bodily injuries.   Judgment for plaintiff *Manning* for $1,000, at the April term, 1887. The defendant *City* brings the case here.

*D. C. Welch, M. P. Simpson,* and *W. J. Travis,* for plaintiff in error.

*Lucien Earle,* and *Thos. C. Sawyer,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: E. J. Manning was walking along the sidewalk of a street in McPherson, after dark, on January 26, 1886, when he fell and was severely injured. He brought this action against the city to recover $10,000, alleging that the injury was caused by the negligence of the city in allowing ice and snow to accumulate on the sidewalk, rendering it unfit and dangerous to travel over, and upon a trial he recovered a judgment for $1,000. The city asks a reversal, insisting that the findings and verdict of the jury are not sustained by sufficient evidence, and that the court erred in its charge to the jury. A motion for a new trial, based on similar grounds, was filed and overruled; but this ruling of the district court is not assigned as error in this court. The assignments of the petition in error are—

"1. The court erred in the instructions given to the jury in this action.

"2. The court erred in refusing to give the instructions which the city of McPherson prayed the court to give.

"3. The court erred in admitting the evidence of witnesses of defendant to which the city of McPherson objected.

"4. The court erred in ruling out the evidence offered by the plaintiff in the trial of said action.

"5. There was not sufficient evidence to support the verdict of the jury against the city of McPherson.

"6. The verdict was illegally arrived at by the jury.

"7. For errors of law occurring at the trial of said cause, excepted to by plaintiff."

Thus it will be seen, that error is not predicated on the overruling of a motion for a new trial; and the silence of the city in this respect must be regarded as an acquiescence in the ruling. All matters now complained of occurred during the trial of the action, and were subject to review upon the motion for a new trial. Such rulings can only be brought to this

court after the district court has had an opportunity to re-examine and correct them upon a motion for a new trial; and unless the overruling of that motion is assigned for error, they cannot be considered here. (*Carson v. Funk,* 27 Kas. 524; *Clark v. Schnur,* 40 id. 72; *Landauer v. Hoagland,* 41 id. 520; same case, 21 Pac. Rep. 645.)

Judgment affirmed.

All the Justices concurring.