Struthers v. Fuller.

## JOHN F. STRUTHERS V. A. M. FULLER *et al.*

1. ERRORS, *Failure to Assign.* When errors complained of relate to matters occurring on the trial, for which a new trial was prayed, but the action of the court in overruling the motion for a new trial is not assigned for error, they cannot be considered in this court. (*Carson v. Funk*, 27 Kas. 524; *Clark v. Schnur*, 40 id. 72, cited and followed.)

2. CONTINUANCE—*Absent Witness—Diligence.* An affidavit supporting a motion for continuance on account of the absence of a material witness must show that the party has been sufficiently diligent in his efforts to obtain the witness.. It must set forth specific acts of diligence, such as search and inquiry. It is not enough that the party alleges that he made diligent inquiry, without stating how, where, and of whom he inquired. (*Kilmer, Adm'r, v. St. L. Ft. S. & W. Rld. Co.*, 37 Kas. 84, cited and followed.)

*Error from Shawnee District Court.*

THE opinion states the case.

*Jetmore & Jetmore,* and *G. A. Huron,* for plaintiff in error.
*D. E. Sowers,* and *W. R. Hazen,* for defendants in error.

Opinion by SIMPSON, C.: This action was brought by John F. Struthers on the official bond of A. M. Fuller, as sheriff of Shawnee county, and Joab Mulvane, John Sutherine, and J. W. Stout, sureties on the bond, to recover the sum of $1,182.25 damages for the unlawful conversion of plaintiff's goods and chattels attached by the defendant as such sheriff in favor of Brown Bros. against and as the property of Schermerhorn Bros. At the January term, 1888, the case was tried by a jury and a verdict returned, and a judgment rendered for the defendants. The plaintiff, having made an unsuccessful motion for a new trial, brings the case here for review. The errors assigned are: First. Error of the court in overruling the motion of plaintiff for a continuance of the case. Second. Error in refusing to admit competent and material evidence offered by the plaintiff. Third. Error in admitting illegal and incompetent evidence for the defendants. Fourth. The verdict is not sustained by the evidence. Fifth. The verdict is contrary to law.

I. As to all the errors assigned, except the first, the record is in such condition that we cannot consider them. All these assignments of error are such as relate to matters occurring on the trial, and for which a new trial was asked, and the record must show that the action of the trial court overruling the motion for a new trial is assigned as error, or no question is properly raised for the consideration of this court. (*Clark v. Schnur,* 40 Kas. 72, and cases cited therein.)

II. The plaintiff below made a motion for a continuance, and supported it by an affidavit reciting that he could not go to trial safely without the presence of a material witness, one S. B. Maxwell; that he expected to prove by said Maxwell that

the plaintiff purchased in good faith from Schermerhorn Bros. the personal property for the unlawful conversion of which this suit is brought; that said witness will testify that in the month of August, 1887, he resided in the city of Topeka, at No. 520 Harrison street, where he was keeping a boarding-house, and that P. V. Schermerhorn boarded with him; that on the 11th day of August, 1887, at about 6 o'clock P. M., he had a conversation with Schermerhorn. with reference to an item printed in the *Evening Journal* of that date, headed " Rather Mixed," and mentioned the fact that a writ of attachment had that day been levied upon the goods held by the plaintiff to satisfy a claim for over $1,600, in which conversation he said to Schermerhorn, that according to this statement in the *Journal*, he did not sell out to Struthers, but made an assignment to him, to which Schermerhorn replied, " This is not true; I made a fair and square sale to Struthers, and have got all my pay." Whereupon Maxwell said to him, " How then can your creditors take Struthers' goods to pay your debts?" To which Schermerhorn replied, "I do not know."

Of course the only pretense under which such statements could be admissible would be to impeach Schermerhorn. And it is alleged in the affidavit that Schermerhorn's·deposition had been taken by the defendants to use on the trial. The affiant further alleged —

"That he had used due diligence to obtain the testimony of Maxwell at this time, and that he had made diligent search and inquiry as to the whereabouts of said witness in order to secure his evidence, and that on the 20th of February he caused a subpœna to be issued for him, which was returned on the 22d of February, indorsed 'not found;' that he did not know until said subpœna was issued that Maxwell was not a resident of Shawnee county, but he is now informed and believes that he is a resident of Solomon City, Dickinson county, Kansas."

The affidavit is in the usual form in all respects except as hereinafter stated. The sole object of the presence of this witness was to impeach Schermerhorn on some statement he

had made in his deposition. This deposition had been taken in August, 1887, and this trial was had on the 23d of February, 1888. The only showing of diligence made by the plaintiff was that he had made inquiries and had a subpœna issued on the 20th of February; but he does not state the extent of the inquiries, when they were made, of whom they were made, or any other fact that would allow the court to determine whether or not a proper degree of diligence was exercised. Then he expressly states in the affidavit that he did not know until since the subpœna was issued that Maxwell was not a resident of Shawnee county. This shows that a witness he regarded as an important and material one to impeach a man whose deposition was taken in August, 1887, he made no inquiry for, or obtained no knowledge of, until after the 20th day of February, 1888, when his cause was set down for trial on the 23d of February, 1888.

The trial court did not abuse its discretion in overruling the motion for continuance.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.