PIERCE et al. v. MANNING, Sheriff.

1. Where an action is tried by the court without a jury, and a motion for a new trial on the ground of the insufficiency of the evidence to sustain the findings is overruled, an appeal from the judgment does not present the evidence for review in this court unless error is assigned in the overruling of the motion for a new trial.
2. This court will not examine the question of the sufficiency of the evidence to support either the verdict of a jury or the findings of a court until such question has been presented to the trial court by a motion for new trial.

(Syllabus by the Court. Opinion filed February 24, 1892.)

Appeal from district court, Lawrence county. Hon. CHAS. M. THOMAS, Judge.

Action to recover a stock of goods taken by the defendant as a sheriff under attachment proceedings. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Martin & Mason* for appellants.

A sale by a failing debtor under circumstances such as should awaken suspicion of his intention to defraud and should put a prudent man on his inquiry is void, even though purchaser gave a sufficient consideration therefor. Davis v. McCarthy, 19 Pac. 356; McDonald v. Gaunt, 2 Pac. 871; Temple v. Smith, 14 N. W. 527; Lane v. Starkey, 18 N. W. 47; Davis v. Birchard, 10 N. W. 557; Tatum v. Green, 21 N. J. Eq. 364; Wing v. Miller, 20 Pac. 119; Moore v. Williamson, 15 Atl. 587; Gallober v. Martin, 6 Pac. 267; Jones v. Hetherington, 45 Ia. 681; Bartles v. Gibson, 17 Fed. 293; Bedford v. Penny, 25 N. W. 381; Hough v. Dickinson, 24 N. W. 809; Wait's Fraud. Conv. §§

379, 383; Holladay Case, 27 Fed. 849; Baker v. Bliss, 39 N. Y. 70; State v. Estel, 6 Mo. App. 6; Holt v. Creamer, 34 N. J. Eq. 181; Ballman v. Lucas, 36 N. W. 465; Whitmen v. Rose, 4 N. W. 557; Avery v. Johnson, 27 Wis. 246; Williamsson v. Machenheim, 12 N. W. 302; Eigenbrun v. Smith, 4 S. E. 122; Hirsch v. Richardson, 3 So. 569, Tootle v. Dunn, 6 Neb. 93; Bilings v. Sawyer, 4 N. E. 531; Wait's Fraud. Conv. 28; Blennerhassett v. Sherman, 105 N. S. 117; Schmidt v. Opir, 33 N. J. Eq. 138; Gardinier v. Otis, 13 Wis. 460. A grossly inadequate consideration raises a presumption of want of good faith. Weber v. Rothchild, 15 Pac. 650; Kempner v. Churchill, 8 Wall. 362.

A vendee can only be protected to the extent of what he paid before he acquired notice of the fraud in the sale. Bush v. Collins, 11 Pac. 425; Clements v. Moore, 6 Wall. 299; 1 Lindley Part. § 287; Mechem Agency, § 718. Plaintiffs opinion as to his damages and prospective injury to his business, is immaterial and incompetent. Bain v. Cushman, 15 Atl. 171; Sharon v. Morris, 18 Pac. 230; Thompson v. Webber, 29 N. W. 671.

*Van Cise & Wilson* for respondents.

The court in making the *nunc pro tunc* order in the case at bar exceeded its authority. Bostwick v. Knight, 40 N. W. 344; Freeman on Judg. § 56; 1 Black on Judg. § 126; Hyde v, Cushing, 10 Mo. 359; Garrison v. People, 6 Neb. 274; § 4938. Comp. Laws.

New findings cannot be added after appeal. Hayne New Trial and App. § 224; Baggs v. Smith, 53 Cal. 88; Pierce v. Manning, 47 N. W. 295.

The defendant's witness denied any fraudulent intent in making the sale, and he is bound by the evidence of his own witness. 1 Wharton Evidence, § 549; Wilson v. Britton, 6 Abb. Pr. 97. The appellate court will not decide the preponderance of conflicting evidence, but will indulge every presumption in favor of the verdict of the jury or findings of the lower court. Caulfield v. Boyle, 2 Dak. 464; Caledonia v. Noonan, 3 Dak. 189, 204; Hayne New Trial, § 288. The appellant has not brought the evidence before this court in any manner for review. Hayne on New Trial and App. § 96; §§ 5236-7-8, Comp. Laws.

Sales and mortgages under § 4656, Comp. Laws, are valid and binding until judicially declared void. § 4658, Id.; Wineland v. Cochran, 4 N. W. 67; French v. Reel, 29 N. W. 819. Both parties to the transfer must have participated in the fraudulent intent. Bump Fraud. Conv. 194; Fisher v. Hall, 7 N. W. 72; Van Patten v. Burr, Id. 522; Andrews v. Fillmore, 9 N. W. 431; Kohn v. Clement, 12 N. W. 550; Spring v. Waters, 14 N. W. 679; Mehlhop v. Rettibone, 11 N. W. 553; Fraser v. Passage, 30 N. W. 334; Young v. Harris, 32 N. W. 97; Baughman v. Penn, 6 Pac. 890; Horbach v. Hill, 112 U. S. 144; 5 Sup. Ct. R. 81; Stewart v. Mills, 41 N. W. 318; Strang v. Swafford, 47 N. W. 1023. A valid consideration is a presumption of good faith and repels any suspicion of fraud. Bump on Fraud. Conv. 481; § 4659, Comp. Laws; Aultman v. Heiney, 13 N. W. 856; Howard v. Rynearson, 15 N. W. 486; Hyde v. Chapman, 33 Wis 391; Emmons v. Termehr, 14 N. W. 197; Jamison v. King, 50 Cal. 132; Harris v. Burns. Id. 140; McFadden v. Mitchell, 54 Cal. 628. The burden is entirely on defendant to prove the fraud. Prichard v. Hopkins, 2 N. W. 1028; Bogodzinski v. Kruger, 6 N. W. 116; LeSaulnier v. Shook, 36 Cal. 223; Jack v. Brown, 14 N. W. 304; Adams v. Ryan, 17 N. W. 159; Brown v. Dean, Id. 837; Long v. West, 1 Pac. 545; Smith v. Jensen, 22 Pac. 434.

KELLAM, P. J.   Since the argument and submission of this case in this court, one of the plaintiffs and respondents, Moses Pierce, has died; and his executors have been substituted, and, with the surviving partner, Vavasa P. Pierce, are now the respondents herein. The plaintiffs, as partners, brought this action to recover a stock of boots and shoes, claiming to have purchased them from their acknowledged owner, James Algeo. The defendant and appellant, sheriff of Lawrence county, admitted the taking, and justified under warrants of attachment issued to him in two cases against said Algeo, claiming that the alleged sale by Algeo to respondents was made with intent to defraud his creditors, and was therefore void. The case was tried by the court, which on May 17th made and filed findings of fact and conclusions of law. During the same month, and

before entry of judgment, appellant moved for a new trial on the ground that the evidence was insufficient to justify certain designated findings of fact and conclusions of law. This motion was overruled, and appellant excepted. Afterwards, September 14th, judgment was entered upon such findings and conclusions.

The appeal is from the judgment alone, and the overruling of appellant's motion for new trial is not assigned as error. With the record in this condition, respondents insist that this court cannot examine the errors assigned, towit, the insufficiency of the evidence to sustain the findings of the court. The motion for new trial was denied, but nowhere in this record does it appear that appellant complains of such ruling. He neither appeals from it, nor assigns it as error to be reviewed in his appeal from the judgment. Our statute does not specifically provide for an assignment of errors on appeal to the supreme court in civil cases, but the rules of court do, and there would probably be little disagreement as to its necessity or function. Brewing Co. v. Mielenz. 5 Dak. 136, 37 N. W. Rep. 728. It is the complaint which the appellant makes against the proceedings of the court below. The rule is very general, if not universal, that in an appellate court only such matters will be examined for error as are complained of. Wood v. Whitton, 66 Iowa, 295, 19 N. W. Rep. 907, and 23 N. W. Rep. 675; Steele v. Railway Co., (Ill. Sup.) 17 N. E. Rep. 483; Miller v. Wade, 87 Cal. 410, 25 Pac. Rep. 487; Wallace v. Robeson, (N. C.) 6 S. E. Rep. 650; Oil Co. v. Perry, (Ala.) 4 South. Rep. 635; Clark v. Schnur, 40 Kan. 72, 19 Pac. Rep. 327; Reagon v. Copeland, (Tex. Sup.) 14 S. W. Rep. 1031; Woodal v. Grater, 51 Ind. 539. But it may be said that by Section 5237, Comp. Laws. "upon an appeal from the judgment; * * * the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment appearing upon the record transmitted," etc.; but "may review" is not to be held to mean "must review," without regard to compliance with other requirements of law and practice. The appellate court will ordinarily review

only such questions as it is asked to review, and the method of asking is by assigning error in respect to the matters sought to have reviewed. The insufficiency of the evidence being specifically named by our statute as one of the grounds for a new trial, and the appellant having made such motion in the court below upon that particular ground, and neither appealing from the ruling of the court denying it nor assigning the same as error in this appeal from the judgment, it might be argued that the question of insufficiency was *res judicata.* Clark v. Schnur, *supra,* was much like the case now under consideration, and such was the practical effect of the holding of the court in that case; and the same view was subsequently taken of a similar case, (Struthers v. Fuller, 45 Kan. 735, 26 Pac. Rep. 471.) In both of these cases the court holds that a motion for a new trial having been made and denied, and such ruling not being assigned as error, the questions involved in the motion cannot be considered on appeal from the judgment. The court, quoting from a former opinion in Carson v. Funk, 27 Kan. 524, says: "Where, in an assignment of errors, the only errors complained of relate to matters occurring on the trial for which a new trial was prayed, but the action of the court in overruling the motion is not assigned for error, no question is properly raised in this court." In Lingerman v. Nave, 31 Ind. 222, the supreme court of Indiana declared and enforced the same ruling, saying: "The only errors complained of relate to matters occurring on the trial, and for which a new trial was prayed; but the action of the court in overruling the motion for a new trial is not assigned for error. No question, therefore, is properly raised by the assignment of errors."

The making of a motion for a new trial, in any case when it is required, is not a mere perfunctory ceremony to precede an appeal. The fact of making the motion is of importance only in connection with the ruling of the court upon such motion; and the ruling is important because it is the decision of the court upon the questions presented in the motion, and to that extent fixes the rights of the parties. It is an adjudication of all the matters necessarily involved in a determination

of the motion.   In this case the denial of the motion for a new trial was a judicial determination that the evidence was sufficient to support the findings.   With the correctness of such decision unchallenged by appeal or by an allegation of error, can appellant be heard to argue in this court that the judgment ought not to stand, because the evidence did not sustain the findings,—the very question which he submitted to the trial court in his motion for new trial, and of whose decision he does not complain?   The cases cited from Indiana and Kansas are against it.   The ruling appears technical, but is a logical growth from the facts.   Appellant appeals from the judgment, but plainly the judgment is right if the findings are correct. The correctness of the findings has been adjudicated by the court below.   To allow a reagitation of the same matters in this court, in a proceeding in which the determination of the court below is not directly attacked, would be akin to permitting such adjudication of the trial court upon the motion for new trial to be impeached collaterally.

If, then, it was incumbent upon appellant to make a direct attack upon the decision of the court below on the motion for new trial,—it not having been done,—we think the most favorable view appellant could ask us to take of this record would be to regard the statement in the abstract as to the motion for a new trial and its denial by the court as surplusage; so that we would read the abstract as though no motion for new trial had been made in the trial court; and then the question is presented whether, in an action tried by the court without a jury, the question of the sufficiency of the evidence to support the findings can be brought directly to this court on an appeal from the judgment without a motion for a new trial in the court below.   It is a very common ruling that where it is claimed that the verdict of a jury is against the evidence a motion for a new trial founded upon that claim must be presented to and decided by the trial court before the question will be considered by a reviewing court.   Kirch v. Davies, 55 Wis. 287, 11 N. W. Rep. 689; Ingraham v. Gildermester, 2 Cal. 483; Nesbit v. Hines, 17 Kan. 316; Railroad Co.

v. McCartney, 1 Neb. 398; Kent v. Lawson, 12 Ind. 678; Ford v. Wilson, (Ga.) 11 S. E. Rep. 559; Westfall v. Dungen, 14 Ohio St. 276; Smith v. Gillett, 50 Ill. 299; Polk v. State, 4 Mo. 544; Smith v. Hollis, 46 Ark. 21; Whitmore v. Shiverick, 3 Nev. 288; Byrne v. Railroad Co., 29 Minn. 200, 12 N. W. Rep. 698. This practice does not result from any peculiarity of local statute, but from the general policy of the law to impose upon the court of last resort such questions only as have been thoroughly considered and deliberately passed upon by the trial court. It is due both to the trial court and to parties litigant that every opportunity should be afforded for the examination and correction of errors while the case is still in the court below, where it can be reviewed with comparatively little expense or delay, and where, too, the reviewing tribunal, being the trial court, has ordinarily the great advantage of immediate contact with the witnesses. The ruling, however, is not so uniform where the matters presented for review on appeal are "errors of law occurring at the trial;" but that question need not be noticed here.

While some of the reasons for requiring a motion for new trial to be heard and decided by the trial court before asking the appellate court to review the evidence would not seem to be so persuasive in cases tried by the court without a jury, yet the rule in such cases is nearly as prevalent. Doe v. Herr, 8 Ind. 24; Rhodes v. White, 11 Mo. 396; Kepner's Adm'rs v. Snively's Adm'rs, 19 Ohio, 296; Cowing v. Rogers, 34 Cal. 648; Harrington v. Latta, 23 Neb. 84, 36 N. W. Rep. 364; Smith v. Hollis, 46 Ark. 21; State v. Saddler, (Nev.) 23 Pac. Rep. 799. As before observed, the practice which prevents the appellate court from examining the question of the sufficiency of the evidence until it has been presented to the trial court by a motion for a new trial rests upon reasons not peculiar to any form of practice, and the rule must prevail here, unless excluded by some hostile provision of our statutes; and no such provision is suggested. It is true it is provided, among other things, in Section 5237, Comp. Laws, that, "any question of fact or law decided upon trials by the court or referee may be reviewed when exceptions to the

findings of fact have been duly taken by either party and returned;" but this does not necessarily mean, when read in connection with other statutory provisions, that such review may be had in the supreme court without a motion for a new trial in the court below. Our statute concerning new trials distinctly covers actions tried by the court without a jury. In such cases new trials are to be applied for, and their allowance determined in the same manner as in cases tried before a jury. The statutory grounds are the same, and we recall nothing in any provision indicating an intention to discriminate between the two classes of cases. This Section 5237 is Section 411 of the Code of Civil Procedure, as amended in 1887. Prior to such amendment the section provided that "upon an appeal from a judgment the supreme court may review any verdict, decision or intermediate order involving the merits, and necessarily affecting the judgment." It will be observed that this language is nearly identical with that used in the amended section with respect to the review of a decision by the court or referee; and yet it was never construed to mean that the supreme court must review a verdict or decision in respect to its being supported by the evidence, regardless of whether the question had been first presented to the trial court. We therefore recognize the rule prevalent elsewhere as prevailing here,—that as to questions of fact whether tried by court or jury, this court will not examine the question of the sufficiency of the evidence to support the court's findings or the jury's verdict until the question shall have been first presented to the trial court. The views herein expressed suggest our conclusion that the record before us does not present for review the question of the sufficiency of the evidence to support the findings.

We dispose of this case upon this theory with less reluctance, for a careful reading of the evidence in the case does not lead us to conclusions so positively adverse to those of the trial court as would justify a reversal of its findings. To take up the question of the effect of the evidence as a new one in this court, paying no deference to the findings of the trial court, would be to ignore the always recognized advantage of seeing

and observing the witnesses as they confront each other in the presence of the court. Caulfield v. Bogle, 2 Dak. 464, 11 N. W. Rep. 511; Mining Co. v. Noonan, 3. Dak. 189, 14 N. W. Rep. 426. Even in those jurisdictions where equity cases are retried in the appellate court, the judgment of the trial court is *prima facie* right, and will not be disturbed unless clearly and satisfactorily wrong. Ely v. Daily, 40 Wis. 52; McAteer v. McAteer, ( S. C.) 9 S. E. Rep. 966; Frederick v. Frederick, 31 W. Va. 566, 8 S. E. Rep. 295. In this case the evidence is not inconsistent with a fraudulent knowledge upon the part of respondents, as purchasers from Algeo, but it does not prove it; nor is it so inconsistent with an honest purchase on their part as to justify this court in saying that the trial court, with advantages for judging not possessed by us, was clearly wrong in its conclusions. The judgment of the district court is affirmed.

All the judges concurring.