JOHN W. JAMES v. THOMAS S. HIGGINBOTHAM.

FILED MAY 2, 1900.  No. 9,938.

**Motion for New Trial:** ASSIGNMENT OF ERROR. A judgment will not be reversed for error of law occurring at the trial, unless it is alleged in the petition in error, and shown by the record, that the court erred in overruling the motion for a new trial.

ERROR to the district court for Otoe county. Tried below before RAMSEY, J. *Affirmed.*

*Sloan & Moran, S. J. Stevenson, S. B. Pound* and *Roscoe Pound,* for plaintiff in error.

*John C. Watson, John V. Morgan, John W. Dixon* and *E. F. Warren, contra.*

SULLIVAN, J.

Thomas S. Higginbotham sued John W. James in the district court of Otoe county and obtained a verdict and judgment against him. The rulings of the court, assigned for error in the petition in error, were all made during the progress of the trial. It may be that some of these rulings, or all of them, were prejudicially erroneous, but, conceding that fact, the judgment must, nevertheless, be affirmed. The decision of the court on the motion for a new trial, is not alleged as error and can not, therefore, be considered. Reviewing courts are authorized to consider only the errors specified in the petition in error. All others are waived. To justify the reversal of a judgment for errors of law occurring at the trial, it must appear, not only that the alleged errors were committed, but also that the court erred in denying the application for a new trial. We believe it has never been held in a law case that a judgment should be reversed for error occurring at the trial, unless there was, in addition to such error, averment and proof of error in the order denying the motion for a new trial. Regardless of antecedent errors, an application for a new trial may be properly denied for the reason that it was not filed during the trial term, or within three days after the verdict was returned (*Bradley v. Slater,* 58 Nebr., 554), or on the ground that the errors committed were not the errors assigned. Whether or not there was error in the order overruling the motion for a new trial in this case, we can not decide, because that question is not presented by the record for decision. And without deciding that a new trial should have been granted by the district court,

we can not, of course, reverse the judgment and thus, in effect, vacate the verdict. The following cases are referred to in support of our conclusion: *Carson v. Funk,* 27 Kan., 524; *Clark v. Schnur,* 40 Kan., 72; *Struthers v. Fuller,* 45 Kan., 735; *Dryden v. Chicago, K. & N. R. Co.,* 47 Kan., 445; *Wright v. Darst,* 55 Pac. Rep. [Kan.], 516; *Douglas Co. v. Sparks,* 7 Okla., 259, 54 Pac. Rep., 467; *Beall v. Mutual Life Ins. Co.,* 7 Okla., 285, 54 Pac. Rep., 474; *City of Terre Haute v. Fagan,* 52 N. E. Rep. [Ind.], 457; *Armstrong v. Elliott,* 49 S. W. Rep. [Tex.], 635. The judgment of the district court is

AFFIRMED.